**Ricardo PENA, Administrator of the Estate of Luis Pena and Epifania S. de Pena, Appellant,**

**v.**

**FIRST STATE BANK & TRUST COMPANY and Walker Craig Company, Appellees.**

**No. 145.**

Court of Civil Appeals of Texas.

Corpus Christi.

May 26, 1966.

Rehearing Denied June 16, 1966.

Glusing & Sharpe, by Nelson R. Sharpe, Kingsville, Lyman & Sudduth, by Charles Lyman, Corpus Christi, for appellants.

Atlas, Freeland, Schwarz & Gurwitz, McAllen, Hill, King & McKeithan, by Neal King, Mission, for appellees.

## OPINION

SHARPE, Justice.

This appeal is from a summary judgment rendered in favor of appellees, defendants below, that appellant, plaintiff below, take nothing.

The controlling questions are (1) whether the four-year statute of limitations applies to appellant's cause of action; and, if not applicable, (2) whether appellant's cause of action is barred under the two-year statute of limitations.

We have concluded that the four-year statute of limitations is not applicable for the reasons hereafter stated. We are further of the opinion that the summary judgment evidence does not conclusively establish that appellant's cause of action is barred by the two-year statute of limitations and

that the case must be reversed and remanded for trial of material fact issues in such respect.

The material facts established by stipulation and otherwise may be summarized as follows. Appellant is the administrator of the estates of his deceased grandparents, who, as lessors of mineral interests, were entitled to receive royalty payments from the lessee. After their deaths the lessee continued to issue royalty checks payable to them which were received by some of their adult children, who are not parties to this suit. These children worked in a store belonging to their parents, and, apparently with authority, cashed the royalty checks. This practice was continued after the death of the parents. Appellee Walker Craig Company continued to sell groceries to the children after the death of their parents, accepted the royalty checks with the forged or unauthorized endorsements and deposited them to its account with appellee bank. That bank endorsed the checks, guaranteed the validity of all prior endorsements and received payment from the drawee bank. At all material times both appellees had actual knowledge that the payees named on the checks were dead and that the endorsements were unauthorized or forgeries. Appellant's suit is not barred if the four-year statute of limitations is applicable.

■ The thrust of appellant's argument under his first point is that Article 342–707, Vernon's Ann.Civ.St.[1] operates to make applicable the four-year statute of limitations (Art. 5527, V.A.C.S.) to this claim. Appellant concedes that prior to the enactment of Article 342–707 in 1943, a cause of action such as that asserted here was for money had and received and was governed by the two-year statute of limitations. However, appellant contends that the relationship resulting from the facts established here is the same as where one person deposits money in a bank to the credit of a third person, and that such action creates the relation of banker and depositor or creditor and debtor between the bank and the third person, citing Cozart v. Western Nat. Bank, 194 S.W. 644 (Tex.Civ.App., 1917, wr. ref.), and that our Supreme Court has held that Art. 342–707 is applicable to actions for money had and received brought against banks, citing Liberty Mut. Ins. Co. v. First Nat. Bank in Dallas, 151 Tex. 12, 245 S.W.2d 237 (1952). Appellant further argues that if the causes of action for money had and received, involved in such cases, have been transformed by the statute into an action on a deposit, then that the same result follows in the case at bar. We disagree. In *Liberty*, the suit was by a depositor against a drawee bank. It appears here that neither appellant nor the decedents were depositors in appellee bank, as that word is used in the statute, and the instant case does not come within the provisions of Art. 342–707. The four-year statute of limitations (Art. 5527) is, therefore, inapplicable. Appellant's point one is overruled.

■ Under his second point appellant contends that the two-year statute of limitations (Art. 5526, V.A.C.S.) did not begin to run until he discovered the identity of the parties who knew of the unauthorized or forged endorsements, guaranteed them, col-

---

1. ART. 342–707. Depository Contract—Limitation of Actions.

The contract of deposit between a bank and a depositor, whether evidenced by deposit tickets or otherwise shall be deemed a contract in writing within the purview of Article 5527 of the Revised Civil Statutes of Texas. The cause of action on any such depository contract, other than a time deposit, shall not accrue until the bank has denied liability and given the depositor notice thereof. Provided that the delivery to the depositor of a statement of his account or pass book reflecting the balance, or the mailing of a statement of such account (with or without cancelled items) to the depositor at his address as reflected by the books of the bank, shall constitute a denial of any liability on the part of the bank in excess of the balance reflected by such statement or pass book, and notice thereof to the depositor, and, to the extent of any excess over the balance reflected shall accrue the cause of action. Acts 1943, 48th Leg., p. 154, ch. 97, subch. VII, art. 7.

lected money on the checks and knowingly participated in defrauding the estates. By their counterpoint three, appellees contend that the two-year statute of limitations ran from the date that appellees appropriated the checks, not from a subsequent time of discovery; and by counterpoint four that, in any event, appellant had notice of such appropriation of the checks more than two years prior to the filing of the suit. Appellees' counterpoint three is not well taken. The cases relied on by them are not in point. The remaining question is whether the summary judgment evidence conclusively established that appellant's cause of action was barred by the two-year statute of limitations.

■ The burden was and is upon appellees to demonstrate that there was no material issue of fact as to the running of the statute. Appellees rely upon the premise that the attorneys for appellant took the deposition of Llana and Romula Pena, two of the children hereinabove mentioned, in December, 1960 in another suit, and they testified that Llana had been endorsing the royalty checks made out to their parents after their deaths. The instant suit was filed in March, 1963 some twenty-seven months later. Appellees argue that since appellant's attorneys found out who issued and endorsed the royalty checks in December 1960, that such knowledge was imputed to appellant, and the two-year statute, properly pleaded by appellees, barred the suit.

An examination of the record discloses that when the deposition of Llana Pena was taken on December 15, 1960, she answered questions to the effect that she had cashed the royalty checks; that she had used her own signature and sometimes deposited them in a bank; that she had received statements from the bank, had a complete file on them since her father's death; and she promised to furnish them to the attorneys for appellant. The deposition of Llana Pena was sworn to on April 4, 1961. The deposition of Romula Pena

Salinas was taken after that of Llana Pena, her sister, on December 15, 1960, and was also sworn to on April 4, 1961. Romula had been present when Llana's deposition was taken and did no more than verify generally what had been said by her sister. Romula was not asked specific questions concerning the royalty checks involved in this suit.

■ It is established by the record here that the conduct of appellees constituted a species of fraud and deceit upon the estates of the deceased grandparents. Where such factors are present it is well settled that the statute of limitations does not begin to run until the complainant has discovered the fraud or has learned facts sufficient to put a person of ordinary prudence on inquiry which, if pursued, would have led to discovery.

In the case of Port Arthur Rice Milling Co. v. Beaumont Rice Mills, 105 Tex. 514, 143 S.W. 926 (1912), our Supreme Court held that a cause of action for conversion based upon transactions occurring in October, 1905, upon which suit was filed in November, 1907, was not barred by the two-year statute of limitations where the plaintiff, acting with due diligence, did not discover the defendant's participation in the fraud until after the lapse of two years. At pages 928–929 of the opinion, the Court said:

"* * * Before it can be said that a cause of action exists in a legal sense, there must be such a mature right as may be declared upon and maintained, subject only to such valid defenses by which it may be defeated. In 25 Cyc. 1065, the rule is laid down as follows: ' "The accrual of the cause of action" means the right to institute and maintain a suit; and whenever one person may sue another a cause of action has accrued, and the statute begins to run.' Again, in 25 Cyc. 1065, it is said: 'The statute of limitation begins to run from the time when a complete cause of action accrued

—that is, when a suit may be maintained —and not until that time.' "

"* * * Plaintiff, not having had knowledge of defendants' guilty knowledge of and participation in the scheme to defraud plaintiff in its rights, for the first time had a cause of action against defendants upon the discovery of such fraud.

"This doctrine in its practical application, in so far as it relates to the case at bar, is nothing more in effect than the assertion of the doctrine that fraud, undiscovered, suspends the running of the statute of limitation. In the absence of fraud, the statute would have begun to run from the date of the conversion of the rice upon which plaintiff had a mortgage. But it is a definitely and well settled rule in this state that fraud prevents the running of the statute of limitation until it is discovered, or until, by the use of reasonable diligence, it might have been discovered. * * *"

See, also, Burnham v. Todd (5th Cir. 1943) 139 F.2d 338, to the same effect.

■ Ordinarily, what constitutes reasonable diligence to discover fraud is a question of fact for the jury. Ruebeck v. Hunt, 142 Tex. 167, 176 S.W.2d 738, 150 A.L.R. 775 (1944). We cannot say that the summary judgment evidence conclusively established that appellant discovered the fraud participated in by appellees, or by reasonable diligence, could have done so more than two years prior to filing of the instant suit on March 15, 1963. Appellant was not present when the depositions were taken on December 15, 1960. The date upon which those depositions were sworn to is within two years from the filing of the suit. There is no showing that the list of twenty-one checks here involved was furnished to appellant or his attorneys more than two years prior to filing of this suit. The depositions did not disclose that either of appellees had been connected with the handling of the royalty checks with the unauthorized or forged endorsements. In a deposition taken in the instant case, on August 20, 1963, appellee testified in substance that although he had suspected that the Oil Company was sending the royalty checks to someone, he did not know until the summer of 1961 that the company had been making the payments to his Uncle and Aunt, when he was so advised by his attorneys.

Under the record presented here, reasonable minds could differ as to whether appellant or his attorneys acted with reasonable diligence in connection with discovery of the fraud and appellees' participation in it, and a genuine issue of material fact is presented. Ruebeck v. Hunt, supra. The determination of that issue was and is for the fact finder on the trial of the case. Appellees did not establish as a matter of law that appellant's right to recover was barred by the two-year statute of limitations. Appellant's point two is sustained.

The judgment of the trial court is reversed and the cause remanded.