James R. JOHNSON et ux., Appellants,

v.

Harold COGGESHALL et al., Appellees.

No. 12897.

Court of Civil Appeals of Texas, Austin.

March 7, 1979.

Waynene C. Combest, Veitch & Britt, Inc., San Antonio, for appellants.

John O. Kain, Kain & Reedy, Houston, for appellees.

SHANNON, Justice.

This is an appeal from an order overruling appellants' pleas of privilege and pertains to Tex.Rev.Civ.Stat.Ann. art. 1995, subdivisions 9a and 29a (1964).

Appellees Harold Coggeshall, Delta Transport, Inc., and Jose Cardenas sued appellants James R. Johnson and Mary Johnson, husband and wife, for damage to and loss of use of a 1969 Kenworth truck. The truck, while being driven by Cardenas, was involved in a collision with a Volkswagen bus driven by Mary Johnson.

In their trial petition appellees pleaded that Mary Johnson was negligent in operating her vehicle upon the wrong side of the

road, in keeping an improper lookout, in failing to "swerve," and in failing to make timely application of her brakes, and that such negligence proximately caused damage in the sum of $17,500.

Appellees alleged further that appellants were engaged in a joint venture at the time of the collision, or alternatively, that Mary Johnson ". . . was about and furthering the business of the community estate and was in the course and scope of such activity at the time of the collision. . ."

Appellants filed pleas of privilege praying that the cause be transferred to Bexar County, the county of their residence. Appellees filed controverting affidavits relying upon subdivisions 9a and 29a.

After trial before the court, judgment was entered overruling appellants' pleas of privilege. Appellants requested that the district court file findings of fact and conclusions of law, but the court filed none.

As of the time of the collision, Tex.Rev. Civ.Stat.Ann. art. 1995, subdivision 9a, provided:

"9a. Negligence.—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

1. That an act or omission of negligence occurred in the county where suit was filed.

2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

3. That such negligence was a proximate cause of plaintiff's injuries."

Subdivision 29a provides as follows:

"29a. Two or more defendants.— Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

The collision occurred during the late afternoon of May 23, 1977, near Bracken on Farm Road 2252 in Comal County. The truck and the Volkswagen bus were traveling in opposite directions and were in the process of negotiating an ess curve at the time of the collision.

Appellees' proof of their claim that their damages proximately resulted from the negligence of Mary Johnson rests primarily upon the testimony of truck driver Cardenas and the investigating highway patrolman, Carl L. Davis. Cardenas testified by deposition that the truck he was driving north was pulling an empty dump trailer. He stated that from the time his truck approached the curve until the collision occurred, no part of the truck or trailer crossed over the yellow center stripe into the southbound lane. After the collision, the truck and the trailer, according to Cardenas, were both still entirely within the northbound lane. When Cardenas first saw the Volkswagen bus, it was about one hundred-fifty to two hundred feet from his truck. At that time his truck was coming into the second part of the curve. The bus was coming toward him "pretty fast" and was two or three feet across the center stripe onto the "wrong" side of the highway. Cardenas could see Mary Johnson, the driver of the bus, leaning over to the right of her vehicle and looking down to the right. Mrs. Johnson looked up, apparently saw the oncoming truck, "turned loose" the steering wheel, and them jumped to the right side of the Volkswagen bus. From the time Cardenas saw the bus until time of the collision, the speed of the bus was more or less constant. When Cardenas first saw the bus, he began braking the truck.

The investigating officer's testimony was that the impact between the vehicles occurred in the northbound lane or on the "truck's side of the road." The Volkswagen

left no skid marks. The truck and trailer left about one hundred feet of skid and skip marks. When the brakes of the truck were first applied, the trailer was somewhat over the center stripe into the southbound lane.

Mary Johnson was injured in the collision and was not able to recall any of the facts of the accident. No one else saw the collision.

Appellants attack the judgment by nine points of error. By points one through six appellants claim there was no evidence or insufficient evidence that Mary Johnson was guilty of negligence proximately causing the collision. Points seven through nine attack the district court's implied finding that Mary Johnson was acting as agent for James R. Johnson at the time of the collision. Appellants do not attack the implied conclusion of the court that venue was established in Comal County as to James R. Johnson under subdivisions 9a and 29a because appellants were engaged in a joint venture at the time of the collision.

■ In determining a "no evidence" point of error, it is proper to consider only that evidence most favorable to the finding and disregard entirely that which is opposed to it or is contradictory. *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (1950); *Cartwright v. Canode,* 166 Tex. 502, 171 S.W. 696 (1914). In reviewing factual sufficiency points of error, the court considers all of the evidence to determine whether the findings are so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (Tex.1951).

As basis for their no evidence point, appellants urge this Court to disregard all of Cardenas' testimony as having no probative value, since it was ". . . totally lacking in credibility." Appellants characterize Cardenas' testimony as "preposterous" and as amounting to no more than a deliberate "lie." Because Cardenas testified by deposition, appellants suggest that the district court could not judge his credibility and the weight to be given his testimony.

■ It is true that there was inconsistency between Cardenas' recollection and the physical facts as to whether the trailer had ever been over into the southbound lane. Nevertheless, the court could accept part of the testimony of the witness and disregard the remainder. The fact finder, the trial court in this instance, is the judge of the credibility of the witnesses and the weight to be accorded their testimony, *Harrell v. Sunylan Co.,* 128 Tex. 460, 97 S.W.2d 686 (1936), and the rule is applicable equally to a witness appearing in person or by deposition. *Galveston, H & SA Ry. Co. v. Matula,* 79 Tex. 577, 15 S.W. 573 (1891).

■ There was evidence, which we have summarized, from which the trial court could have concluded that Mary Johnson was negligent in operating her vehicle on the wrong side of the road; in keeping an improper lookout; and in failing to turn her vehicle; and that such negligence was a proximate cause of the collision. Points one through six are overruled.

Appellees rely upon subdivisions 9a and 29a to hold their suit against James R. Johnson in Comal County. Appellees pleaded that Mary Johnson and James R. Johnson were engaged in a joint venture at the time of the collision, or alternatively, that Mary Johnson was acting as James R. Johnson's agent at the time of collision. Upon proof of either theory, the negligence of Mary Johnson would be imputed to her husband, *Shoemaker v. Estate of Whistler,* 513 S.W.2d 10 (Tex.1974); *Trice v. Bridgewater,* 125 Tex. 75, 81 S.W.2d 63 (1935); *Graham v. McCord,* 384 S.W.2d 897 (Tex. Civ.App.1964, no writ), thereby satisfying the requirements of subdivision 9a. With respect to subdivision 29a, appellees claim that James R. Johnson, as a member of the joint venture, is a "necessary" party within the meaning of that subdivision. Accordingly, because suit is maintainable in Comal County against Mary Johnson, then suit is also maintainable there against the joint venturer, as he was a "necessary" party. *Whitley v. King,* 227 S.W.2d 241 (Tex.Civ. App.1950, no writ).

560

The district court did not specify in the judgment the basis for overruling the plea of privilege of James R. Johnson. The court was not required to file findings of fact and conclusions of law. Tex.R.Civ.P. 385(e). By overruling James R. Johnson's plea of privilege, the court impliedly found either that there was a joint venture or that Mary Johnson was acting as agent for her husband in driving the Volkswagen bus. In points of error seven, eight, and nine, appellants complain that the implied finding that Mary Johnson was acting as agent for her husband was supported by no evidence or insufficient evidence or was so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. Appellants *do not complain by point of error* with respect to the implied finding that husband and wife were engaged in a joint venture thereby fixing venue in Comal County as to James R. Johnson by virtue of subdivision 9a. Likewise, appellants *assigned no error* to the implied finding of the district court that venue in Comal County as to James R. Johnson was proper under subdivision 29a.

Where a judgment may rest upon more than one ground, the party aggrieved by the judgment must assign error to each ground or the judgment will be affirmed on the ground to which no complaint is made. In such situations it is said that the appellant has waived his right to complain of the ruling to which no error was assigned. *Nesmith v. Hester*, 522 S.W.2d 605 (Tex.Civ. App.1975, no writ); *Independence Ins. Co. v. Republic National Life Ins. Co.*, 447 S.W.2d 462 (Tex.Civ.App.1969, writ ref'd n. r. e.); *Hudson v. Buddie's Super Markets, Inc.*, 488 S.W.2d 143 (Tex.Civ.App.1972, no writ); *Le Juene v. Gulf States Utilities Company*, 410 S.W.2d 44 (Tex.Civ.App.1966, writ ref'd n. r. e.). The judgment overruling the plea of privilege of James R. Johnson will be affirmed upon the basis of either subdivision 9a or 29a.

The judgment is affirmed.