**Joyce HOFLAND, Appellant,**

v.

**ELGIN–BUTLER BRICK COMPANY, Appellee.**

**No. 13–91–141–CV.**

Court of Appeals of Texas, Corpus Christi.

June 4, 1992.

Richard D. Schell, Fleuriet & Schell, Harlingen, for appellant.

Michael G. Lockwood, Kiester & Lockwood, Austin, for appellee.

Before GILBERTO HINOJOSA, KENNEDY, and SEERDEN, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

This is a dispute over the sale and conversion of 650,000 brick. Border Brick and Supply, Inc., and Joyce Hofland, a director and share holder in Border Brick, appeal from a judgment finding them liable to Elgin–Butler Brick for conversion of these brick. We affirm.

Elgin–Butler and Border Brick had an agreement by which Elgin–Butler sold brick throughout the Rio Grande Valley and Border Brick collected payments. Border Brick took a percentage for collection and other services, and sent the money to Elgin–Butler. They also had a lease agreement permitting Elgin–Butler to store brick on property owned by Border Brick.

Border Brick fell behind on payments to Elgin–Butler. Suit was filed under TEX. PROP.CODE ANN. § 162.003 (Vernon 1990), seeking recovery of the payments made to Border Brick by third parties who had purchased Elgin–Butler brick. When this dispute arose, 650,000 brick were in storage at the Border Brick yard.

Hofland contracted to sell Border Brick's assets to Juan Garza in November of 1984. The contract stated that all assets of Border Brick, including "brick," were included in the sale.

Garza, interpreting the contract according to its literal terms, took possession of the brick by moving it from the Border

Brick yard to another storage facility. The evidence showed that Hofland objected to Garza's attempt to possess the brick. She called the sheriff's department, followed Garza's truck to discover where he was taking the brick, and frantically called her attorney. However, Elgin–Butler was not contacted and informed that its brick were in Garza's possession. She also failed to negotiate in the contract with Garza a provision for continued brick storage.

The dispute with Elgin–Butler continued and Elgin–Butler demanded return of the brick. However, despite the fact that the brick had been sold, Border Brick refused to return possession claiming certain offsets for storage fees and other contested items. Border Brick did not dispute Elgin–Butler's ownership of the brick.

Elgin–Butler discovered the sale and disappearance of its brick in August of 1988. Conversion was alleged in an amended pleading.

The trial court held that Hofland converted the brick through the sale and found her liable for $107,250.00, plus $34,470.65 in exemplary damages. The court also held the action was not barred by limitations because the sale was not discovered until August of 1988, and because Hofland fraudulently concealed the sale. All claims for relief under the Trust Code were denied. TEX.PROP.CODE ANN. § 162.003 (Vernon 1990).

By two points of error Hofland and Border Brick appeal. By their first point of error they argue that no evidence supported the conversion action. Appellants argue in their second point that the statute of limitations bars the action.

■■■ Appellant's first point of error is based on the argument that no evidence or insufficient evidence of conversion exists in the record because Hofland did not intend to sell the brick to Garza. A "no evidence" or "insufficient evidence" point is appropriate if the party without the burden of proof challenges a finding of fact. *Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex.1983). The scope of review for a "no evidence" point encompasses all the evidence and reasonable inferences which tend to support

the finding of fact and no other evidence. *Lewelling v. Lewelling,* 796 S.W.2d 164, 166 (Tex.1990). The no-evidence standard of review requires us to overrule the point if, construing favorable evidence and inferences in the light which supports the finding, any evidence of probative force to supports the finding. *Id.*

■■■ The scope of review for an insufficient evidence point encompasses all the evidence which supports and contradicts the finding. *Plas–Tex, Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442, 445 (Tex.1989). The insufficient evidence standard requires us to sustain this point only if the evidence supporting the finding is so weak, or so against the great weight and preponderance of all the evidence that it is manifestly wrong and unjust. *Id.*

The trial court found that Hofland converted the brick by selling it to Garza. The court made no findings that conversion occurred earlier.

■■■ Conversion is the unlawful and wrongful exercise of dominion, ownership, or control by one person over the property of another to the exclusion of the owner's rights. *Bures v. First Nat'l Bank of Port Lavaca,* 806 S.W.2d 935, 937 (Tex.App.—Corpus Christi 1991, no writ); *Cargal v. Cargal,* 750 S.W.2d 382, 384 (Tex.App.—Fort Worth 1988, no writ).

■■■ The evidence supported the trial court's findings that conversion occurred upon the sale to Garza. When the sale was made in November, Hofland stated in the contract that "Seller represents to buyer that all of the assets therein located belong to Seller ... The assets therein located are all materials, supplies, ... everything from nails to paper-clips, from tar to brick, ..." Based on the plain language of the contract, Garza removed the 650,000 brick the next January.

Sale of the brick is clearly an act inconsistent with Elgin–Butler's ownership rights. Although Hofland testified that she was upset that Garza was taking the brick and she did not intend to sell it, the contract, which is the best evidence of the

parties' intent, encompassed the brick. The evidence also showed that she made no arrangements to store the brick after the sale, and she did not notify Elgin–Butler of Garza's taking. Construing the evidence in the light most favorable to the trial court's findings of fact, this evidence is sufficient to establish conversion of the brick. Appellant's first point of error is overruled.

In appellants' second point they argue that the cause of action accrued more than two years before suit was filed on the conversion theory, thus the action is barred by limitations. The trial court made factual findings that Hofland concealed the sale from Elgin–Butler, and as a result, Elgin–Butler did not discover the sale until 1988.

The limitations period for a cause of action for conversion is two years. TEX.CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1985). Suit was initially filed on the trust fund theory on November 8, 1984. Elgin–Butler amended its petition to allege conversion on May 12, 1988.[1]

Three potential accrual dates exist under the facts presented. The cause of action could have accrued on the date of demand and refusal, the date of the conversion, or the date the conversion was discovered. The trial court found that the cause of action for conversion accrued upon discovery. We first consider whether conversion accrued as a matter of law at the time of demand and refusal.

■■■ If possession is initially lawful, demand and refusal to return the property may be required for the cause of action to accrue. *Earthman's, Inc. v. Earthman,* 526 S.W.2d 192, 204 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ); *see Young v.*

*J & J Bail Bonds Co.,* 792 S.W.2d 484, 485 (Tex.App.—El Paso 1990, no writ).[2] However, if certain conditions qualify the refusal to return the property, conversion does not necessarily occur. *Earthman's,* 526 S.W.2d at 204. The conditions must be reasonable, justifiable, and must have a legal foundation such as doubt regarding the plaintiff's ownership or the defendant's duty to turn over the property. *Id.* A qualified refusal must be made in good faith. *Id.* The reasons for the refusal must be disclosed to the plaintiff. *Id; see also Stein v. Mauricio,* 580 S.W.2d 82, 83 (Tex.App.—San Antonio 1979, no writ).

■■■ In the instant case, the evidence showed Elgin–Butler Brick demanded possession in October 1984. However, the refusal, which was made by letter and is in evidence, clearly stated no claim to ownership of the brick, and merely requested a set off. Maintaining an arguably valid possessory interest in the brick to keep a secured position, without more, is similar to filing a security interest in personal property. *Compare Prewett v. Branham,* 643 S.W.2d 122, 123 (Tex.1982); with *Bures,* 806 S.W.2d at 938.

The court was free to find that keeping possession was not so significant an infringement of ownership rights that it constituted a conversion as a matter of law. There was a valid basis for the refusal, and no infringements to the plaintiff's claim of ownership. Consequently, whether conversion occurred at that time was a question of fact. This evidence, construed in the light most favorable to the trial court's findings, places this case within the rule stated above, that a qualified refusal does

---

1. We note that TEX.CIV.PRAC. & REM.CODE ANN. § 16.069 (Vernon 1990), the relation-back doctrine, generally applies to save a cause of action if a pleading relating to the transaction or occurrence is timely filed. Curiously, Elgin–Butler has not asserted this argument for avoiding the limitations defense, and we express no opinion in that regard, although we are not ruling that this argument is waived. *See Williams v. Khalaf,* 802 S.W.2d 651, 658–59 (Tex.1990) (Even if appellant fails to file a brief, appellant court must apply the correct limitations statute.).

2. We have recognized that demand and refusal is not always necessary for a conversion cause of action to accrue. *Bures v. First Nat'l Bank of Port Lavaca,* 806 S.W.2d 935, 937 (Tex.App.—Corpus Christi 1991, no writ) is a good example. In *Bures,* we wrote that demand and refusal is not required in all conversion cases. This is particularly true if possession is initially lawful and the defendant's acts of possession are a clear repudiation of the plaintiff's rights. *Id.* at 938; *McVea v. Verkins,* 587 S.W.2d 526, 531 (Tex.Civ.App.—Corpus Christi 1979, no writ). This Court held that the cause of action accrued even though there was no demand or refusal.

not necessarily constitute a conversion. We hold that the evidence is legally and factually sufficient to support the trial court's finding that no conversion occurred at that time.

The next issue is whether the cause of action accrued at the date of conversion or discovery. In conversion cases in which possession is initially lawful, and there is no demand and unqualified refusal, Texas case law has not expressly decided which rule of accrual applies.

■ In determining which rule of accrual to apply, we must consider the generic characteristics of this type of cause of action. *See Fernandi v. Strully*, 35 N.J. 434, 173 A.2d 277, 285 (1961), *followed in Moreno v. Sterling Drug*, 787 S.W.2d 348, 351 (Tex.1990) and *Willis v. Maverick*, 760 S.W.2d 642, 646 (Tex.1988). The characteristics of a class of cases must be examined by the court to determine which rule is best suited for that class. *Fernandi*, 173 A.2d at 285.

In determining whether the discovery rule should apply to a particular class of cases, the Supreme Court of Texas has balanced the legitimate purposes of limitations against the injustice created by barring the suit. On one hand, limitations statutes further the policy of repose by forcing plaintiffs to bring suit quickly to avoid the bar. This permits defendants to defend with fresh evidence and available witnesses. *Moreno v. Sterling Drug*, 787 S.W.2d 348, 351 (Tex.1990); *Willis*, 760 S.W.2d at 644.

■ On the other hand, in cases in which it is difficult or impossible for a plaintiff to ascertain the true facts establishing the elements of the cause of action, the discovery rule applies. This is particularly true if a different rule compels unjust results because limitations bars the action before it can be discovered. *See e.g. Willis*, 760 S.W.2d at 645 ("This court has adopted the discovery rule in cases other

than legal malpractice in which it is difficult for the injured party to discover the negligent act or omission."); *Kelley v. Rinkle*, 532 S.W.2d 947, 949 (Tex.1976); *Gaddis v. Smith*, 417 S.W.2d 577, 580 (Tex. 1967).

■ For the class of conversion cases composed of initial lawful possession, discovery of unequivocal acts of conversion, and no effective demand and refusal, we believe the discovery rule should apply. *See also Federal Crude Oil Co. v. Yount-Lee Oil Co.*, 73 S.W.2d 969, 974 (Tex.Civ. App.—Beaumont, 1934, writ dism'd), *cert. denied*, 295 U.S. 741, 55 S.Ct. 655, 79 L.Ed. 1687 (1935).[3]

Logic also compels application of the discovery rule in this class of cases. For example, if a chattel is placed in possession of a bailor, and the bailor secretly sells the chattel to a third person, thereby converting it, the true owner has no reason to know of the conversion. In such cases, the cause of action must accrue after some type of notice of the conversion has occurred. If the cause of action accrued upon the acts of conversion, as appellant argues, the parties in lawful possession of property would be in a position to secretly and unlawfully acquire or transfer ownership rights through conversion. If the cause of action accrued upon demand and refusal, the plaintiff could indefinitely suspend the statute of limitations, a result substantive limitations law does not permit. *Wade v. Jackson County*, 547 S.W.2d 371, 374 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.).

■ We therefore hold that the proper rule of accrual for conversion actions in cases in which possession is initially lawful and demand and refusal is useless, or unequivocal acts of conversion have occurred, is that the cause of action accrues upon demand and refusal, or discovery of facts supporting the cause of action, whichever occurs first. In this case

---

**3.** Other cases bear out this principle, particularly in conversion cases involving fraud and deceit. *Port Arthur Rice Milling Co. v. Beaumont Rice Mills*, 105 Tex. 514, 143 S.W. 926, 928–29 (1912) (cited in *Wade*); *Pena v. First State Bank & Trust Co.*, 404 S.W.2d 56, 59 (Tex.Civ.App.— Corpus Christi 1966, no writ); *Republic Supply Co. v. French Oil Co.*, 392 S.W.2d 462, 464–65 (Tex.Civ.App.—El Paso 1965, no writ).

the evidence showed the initial refusal was not unequivocal. Moreover, the plaintiff had no knowledge that the brick had been sold. Thus, the cause of action accrued when Elgin–Butler knew or should have known of an act inconsistent with its ownership rights.

 The evidence showed that Elgin–Butler did not discover Border Brick took actions inconsistent with its ownership of the brick until it discovered the sale. Although attempts were made during discovery to discover the sale, Hofland did not produce the contract of sale or truthfully answer questions at deposition regarding the sale. She did not disclose to Elgin–Butler that Garza was taking the brick.

When the sale was discovered, conversion was promptly alleged in an amended petition.

Appellants argue that the evidence established an earlier discovery of the sale. When discovery occurs is a question of fact upon which the defendant has the burden of proof. Testimony showed that Garza told a representative of Elgin–Butler that some brick had been purchased. Elgin–Butler made a claim to Garza for $25,000.00 for brick he took from the yard. However, this evidence does not show that Elgin–Butler knew the 650,000 brick had been taken by Garza. Also, the trial court could have disregarded this evidence if it so chose. The evidence does not establish as a matter of law or greatly preponderate towards the finding that discovery occurred at an earlier date.

Appellants further argue that the evidence established that a reasonable person would have discovered the sale earlier. If true, this would sustain their limitations defense. However, the trial court implicitly found against them on this issue. Tex. R.Civ.Proc. 299.

Although the evidence supported the view that Elgin–Butler did not diligently inquire into the location and custody of the brick, its position was that Hofland's qualified refusal to return the brick placed upon her the burden of safekeeping, and if anything happened she was liable. The evidence showed Hofland failed to notify Elgin–Butler of Garza's taking. She did not negotiate for safe storage of the brick after the sale of the lot. She replied to the demand with a qualified refusal. She did not disclose the contract in response to a proper request for production. She untruthfully answered questions regarding the sale of her business. This evidence supports the trial court's implied finding that a reasonable person would not have discovered the conversion, and we cannot say otherwise as a matter of law. We hold that the evidence is sufficient to sustain the trial court's finding that the conversion was not discovered, and reasonably could not have been discovered, until a time less than two years before the conversion theory was first alleged. Appellant's second point of error is overruled and the trial court's judgment is affirmed.