Hoover v. Seinera 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-039-CV





SUE HOOVER,



 APPELLANT



vs.






DIANA COOK SEINERA,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY 



NO. 2074, HONORABLE ROBERT MORSE, JUDGE PRESIDING



 




PER CURIAM



 Appellant Sue Hoover appeals the trial court's judgment awarding appellee Diana
Cook Seinera damages of $1,172.00, post-judgment interest, and attorney's fees. The parties'
dispute arose over an oral agreement for Seinera to sell a houseboat and dock to Hoover. Seinera
sued Hoover, alleging negligence, breach of contract, conversion, promissory estoppel, negligent
misrepresentation, and fraud. Hoover asserted counterclaims for negligence, gross negligence,
deceptive trade practices, and usury. Trial was to the court, which rendered judgment for
Seinera; the judgment articulated no basis except that one hundred dollars of Seinera's recovery
was for conversion of a bed. Hoover took nothing on her counterclaims. 

 On appeal to this Court, Hoover brings four points of error in which she challenges
the denial of her counterclaim for usury and the award of $1,172.00 in damages. We will affirm
the trial court's judgment in part and reverse in part.



BACKGROUND


 Seinera and Hoover negotiated the sale of Seinera's boat and dock in July 1990. 
Hoover took delivery of the boat and dock in September, but disagreements remained over aspects
of the sale, including the purchase price of the boat and the timing of payment and delivery. 
Alleging that $500.00 remained unpaid on the boat, Seinera sent Hoover a letter dated December
27, 1990, in which Seinera demanded the $500.00 boat payment, reimbursement for damages, and
$250.82 in interest.



COUNTERCLAIM FOR USURY



 In her first point of error, Hoover claims that the trial court erred in denying her
counterclaim for usury because, as a matter of law, Seinera charged Hoover over double the
amount of interest allowed by law. Tex. Rev. Civ. Stat. Ann. art. 5069-1.06(2) (West 1987). 
The elements of a cause of action for usury are: (1) a loan, forbearance, or detention of money;
(2) an absolute obligation that the principal be repaid; and (3) the exaction of a greater
compensation than allowed by law for the use of the money by the borrower. First Bank v.
Tony's Tortilla Factory, Inc., 877 S.W.2d 285, 287 (Tex. 1994); Holley v. Watts, 629 S.W.2d
694, 696 (Tex. 1982); see Tex. Rev. Civ. Stat. Ann. art. 5069-1.01(a), (d) (West 1987). As the
proponent of the claim for usury, Hoover bore the burden at trial to prove each element.

 The trial court was not requested to, and did not, file findings of fact and
conclusions of law. In support of the trial court's judgment, we presume on appeal that the trial
court found the facts on each element of the usury claim against Hoover. Burnett v. Motyka, 610
S.W.2d 735, 736 (Tex. 1980); Skeen v. Slavik, 555 S.W.2d 516, 520 (Tex. Civ. App.--1977
Dallas, writ ref'd n.r.e.). To prevail on appeal, therefore, Hoover must show that she established
every element of her cause of action for usury. See 6 Richard Orsinger, Texas Civil Practice
§18.13, at 404 n. 126 (1992 ed.). Unchallenged findings of fact adverse to Hoover bind this
Court unless no evidence supports them or the contrary is established as a matter of law. Antrim
v. State, 868 S.W.2d 809, 812 (Tex. App.--Austin, 1993, no writ); Skeen, 555 S.W.2d at 520.

 Hoover focuses her appellate argument solely on establishing the element of
exacting a greater compensation than allowed by law for the use of the money. Rather than
challenging the court's adverse findings on the existence of the two remaining usury elements--a
loan, forbearance, or detention of money and an absolute obligation to repay the principal--Hoover
assumes that they were established by the evidence. Because Hoover failed to attack the trial
court's adverse findings on these elements, the findings bind this Court as long as some evidence
supports them or the contrary is not conclusively established.

 We first examine whether the trial court's implied finding against the existence of
a loan, forbearance, or detention of money has some support in the evidence. A detention of
money arises when a debt has become due and the debtor withholds payment without having a
right to do so. Parks v. Lubbock, 51 S.W. 322, 323 (Tex. 1899); McDaniel v. Tucker, 520
S.W.2d 543, 549 (Tex. Civ. App.--Corpus Christi 1975, no writ). A detention of money would
have occurred in this case if Hoover failed to pay Seinera $500.00 of the purchase price for the
boat or if she made the final payment after it was due. 

 Seinera and Hoover disputed whether Hoover's final payment for the boat and dock
was to be $3,750.00 or $3,250.00. They also disputed when Hoover was to make this final
payment and when Hoover actually made it. Seinera and Hoover agreed that the purchase price
of the dock was $1,250.00, but they disagreed whether the price of the boat was $6,000.00 or
$5,500.00. Hoover made payments for the boat and dock totalling $3,500.00 by the end of July
1990, leaving either $3,750.00 or $3,250.00 to be paid.

 Hoover testified that when she and Seinera discussed the price of the boat, Hoover
said that she would pay $6,000.00 if her friends could move the boat and save her the $500.00
moving expense. She testified that she agreed to pay $6,000.00 as long as she did not have to pay
to move the boat. Because of mechanical and weather problems, Hoover hired a professional to
move her boat for $500.00; her total payment for the boat came to $5,500.00. Hoover testified
that Seinera ignored the agreed purchase price, changing it in regard to Hoover's stipulation that
her friends be able to move the boat to save her $500.00. 

 As to when payment was due, Hoover testified that Seinera told Hoover to make
the final payment after the boat was moved to her lot. Evidence showed that the boat was moved
on or shortly before September 8, 1990, and Hoover stated that she mailed Seinera a check for
$3,250.00 after the move occurred. The check, admitted in evidence, was dated September 13,
1990. Along with the check, Hoover sent a note that was also admitted in evidence. 

 Hoover maintained at trial that Seinera had received the check of September 13 and
the accompanying note. She testified that, in a phone conversation with Seinera after the check
was mailed, Seinera spontaneously referred to an item in the note in a way that she could not have
without first having read it.

 Under these facts, Hoover owed no debt to Seinera because she both paid the
agreed price for the boat, $5,500.00, and she paid it when it was due. Without a debt being due
and payment withheld, no detention of money arose. See Parks, 51 S.W. at 323; McDaniel, 520
S.W.2d at 549. Because some evidence supports the trial court's adverse finding on the element
of detention, this Court is bound by the finding. 

 Unless Hoover has shown on appeal that she established every element of usury in
the trial court, we cannot agree that she conclusively established her counterclaim for usury. 
Seinera's demand for $250.82 in "interest" could not constitute usury without proof that a
detention of money occurred. Tygrett v. University Gardens Homeowners' Ass'n, 687 S.W.2d
481, 485 (Tex. App.--Dallas 1985, writ ref'd n.r.e.) (when no debt exists to be detained, charge
imposed cannot be interest); see Tony's Tortilla Factory, Inc., 877 S.W.2d at 287 (court may look
past label of fee). We therefore overrule point of error one.




DAMAGES AWARDED SEINERA


 In points of error two and three, Hoover asserts that the trial court's award of
$1,172.00 in damages is supported by legally and factually insufficient evidence. The trial court
ordered that Seinera recover $1,172.00 from Hoover, to include one hundred dollars for a bed that
was converted to Hoover's use. (1) Hoover first claims that legally and factually insufficient
evidence supports the trial court's finding that she damaged Seinera's docks in the amount of
$1,072.00.

 Apart from damages for conversion, Seinera pleaded multiple elements of damages: 
$1,072.00 for damage to her docks, $300.00 for warehousing the boat and dock Hoover bought,
$221.92 for lost wages, and $500.00 for breach of contract, as well as an unspecified amount for
exemplary damages. The trial court's judgment articulated neither the elements of damages it
based the $1,072.00 award on nor the amount of any element. Hoover failed to request the court
to make fact findings, and consequently, no finding exists that Seinera's docks were damaged or
that any damage to them amounted to $1,072.00. 

 Because fact findings were not requested or filed, we infer that the findings the
court made on each element of damages, when considered together, are sufficient to support the
trial court's judgment. Burnett, 610 S.W.2d at 736. A determination on appeal that no evidence
or insufficient evidence was produced on the single element of property damage might vitiate the
damages award, but without knowing what the trial court awarded on each remaining element,
it is impossible to be certain. The only way Hoover could successfully attack the multiple-element
damages award on appeal is to address every element and show that none is supported by
sufficient evidence. Haryanto v. Saeed, 860 S.W.2d 913, 921-22 (Tex. Civ. App.--Houston [14th
Dist.] 1993, writ denied); Greater Houston Transp. Co. v. Zrubeck, 850 S.W.2d 579, 589 (Tex.
App.--Corpus Christi 1993, writ denied); see Celotex Corp. v. Tate, 797 S.W.2d 197, 209 (Tex.
App.--Corpus Christi 1990, no writ) (absent separate findings on each element of punitive damages
award, appellate court could not review the award). While she attacks the award for property
damage, Hoover does not contest the evidence on the elements of warehousing, lost wages, breach
of contract, or exemplary damages. Hoover has thereby waived her right to attack the evidence
supporting these elements of damages. Zrubeck, 850 S.W.2d at 589. By failing to request
findings on each element of damages and by failing to address all the damages elements in her
argument, Hoover has waived any complaint as to the sufficiency of evidence regarding the
damages award of $1,072.00. Zrubeck, 850 S.W.2d at 589.

 Hoover also argues under points two and three that legally and factually insufficient
evidence support the finding that Hoover damaged Seinera's property. A finding that Hoover
damaged Seinera's property would be necessary to award her damages thereon. Our analysis of
this argument parallels the analysis above. Seinera sought damages based on the allegations that
she had been forced to warehouse the boat and dock for Hoover, that she had incurred lost wages,
that Hoover failed to pay the agreed amount for the boat and dock, that exemplary damages were
appropriate, and that Hoover damaged Seinera's remaining docks. The absence of fact findings
leaves the factual basis on which the trial court awarded damages unknown. The court's damages
award implies, however, that it found one or more factual bases alleged by Seinera sufficient to
justify a monetary award. Burnett, 610 S.W.2d at 736; Johnson v. Coggeshall, 578 S.W.2d 556,
560 (Tex. Civ. App.--Austin 1979, no writ). Hoover does not complain of the implied findings
on Seinera's claims for warehousing, lost wages, breach of contract, or exemplary damages. She
has waived the right to complain of the court's findings on which no error was assigned. 
Johnson, 578 S.W.2d at 560; Nesmith v. Hester, 522 S.W.2d 605, 606 (Tex. Civ. App.--Austin
1975, no writ).

 When a judgment can rest on more than one ground, the party aggrieved by the
judgment must assign error to each ground or the judgment will be affirmed on the ground to
which no complaint is made. Johnson, 578 S.W.2d at 560; Nesmith, 522 S.W.2d at 606; see
Guynn v. Corpus Christi Bank & Trust, 589 S.W.2d 764, 770 (Tex. Civ. App.--Corpus Christi
1979, writ dism'd) (appellant attacking instructed verdict must show that it could not be supported
on any ground alleged in motion). Because Hoover has failed to attack all possible factual bases
for the trial court's award of damages, she has waived her argument as to damage to Seinera's
property. We overrule points two and three.

 In point of error four, Hoover challenges the evidence supporting the trial court's
determination that she converted a bed worth one hundred dollars belonging to Seinera. In its
judgment, the trial court awarded Seinera recovery of one hundred dollars for a bed that was
converted to Hoover's use.

 Hoover first argues that neither legally nor factually sufficient evidence supports
the trial court's finding that she converted Seinera's bed. To recover for conversion, Seinera had
to prove that Hoover wrongfully exercised dominion or control over Seinera's bed, in denial of
or inconsistent with Seinera's rights. Waisath v. Lack's Stores, Inc., 474 S.W.2d 444, 447 (Tex.
1971). We review the trial court's implied fact findings in favor of the judgment of conversion
by the same standards by which we review jury findings. Burnett, 610 S.W.2d at 736. 

 In reviewing a no-evidence point, we consider only the evidence and inferences
tending to support the finding and disregard all evidence and inferences to the contrary. Alm v.
Aluminum Co. of Am., 717 S.W.2d 588, 593 (Tex. 1986), cert. denied, 498 U.S. 847 (1990);
Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). If any probative evidence supports the
finding, it must be upheld. Southern States Transp., Inc. v. State, 774 S.W.2d 639, 640 (Tex.
1989). In reviewing a factual insufficiency point, we examine the entire record and will set aside
the finding only if the evidence supporting it is so weak, or the evidence to the contrary so
overwhelming, as to make it clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986); West v. Watkins, 594 S.W.2d 800, 802 (Tex. Civ. App.--San Antonio 1980, writ ref'd
n.r.e.).

 The bed was apparently a piece of furniture Seinera had kept on the houseboat. 
Hoover testified that when she and Seinera first discussed buying the boat, Hoover said that she
did not want the bed. Hoover testified that Seinera was agreeable and said that the bed belonged
to her husband Joe, that he wanted it, and that she would take it off the boat. After the boat was
moved to Hoover's property, however, the bed was still on it and Seinera had attached a note to
the kitchen cabinet. During her trial testimony, Hoover assented to the proposition that, although
the bed remained on the boat, she had never wanted it and at the time of trial she still did not want
it.

 Seinera testified that after decabling her docks on August 18, 1990, to prepare for
Hoover to move the boat and dock, she left Hoover a note on the houseboat. In the note, Seinera
wrote that Hoover could use Joe's bed until either she or Joe needed it. Seinera, in her letter of
December 27, demanded that Hoover pay her one hundred dollars for the bed.

 When possession is initially lawful, demand and refusal to return the property may
be required for an action for conversion to accrue. Hofland v. Elgin-Butler Brick Co., 834
S.W.2d 409, 413 (Tex. App.--Corpus Christi 1992, no writ); Earthman's, Inc. v. Earthman, 526
S.W.2d 192, 204 (Tex. Civ. App.--Houston [1st Dist.] 1975, no writ). A qualified refusal to
return property after demand may be justified if the conditions of refusal are reasonable, made in
good faith, and imposed in recognition of the owner's rights. Hofland, 834 S.W.2d at 413;
Earthman, 526 S.W.2d at 204. A refusal to return property is justifiably qualified by a reasonable
doubt regarding the defendant's duty to turn over the property. Hofland, 834 S.W.2d at 413;
Earthman, 526 S.W.2d at 204. To rely on a qualified refusal, the person in possession must
disclose the qualification to the owner; she must communicate the reason for the qualified refusal
distinctly. Morey v. Page, 802 S.W.2d 779, 786 (Tex. App.--Dallas 1990, no writ); Stein v.
Mauricio, 580 S.W.2d 82, 83 (Tex. Civ. App.--San Antonio 1979, no writ).

 By her letter of December 27, Seinera demanded that Hoover return the bed. 
Hoover's testimony implies that, at the time of trial, she had not yet returned it. By failing to
return the bed, Hoover implicitly refused to return it. While it may not have been clear to the
parties which of them bore the duty to transfer the bed to Seinera, the record contains no evidence
to support a defense that Hoover's refusal to return it was qualified. We therefore determine
that the evidence that Seinera demanded the return of the bed and that Hoover refused to return
it, without offering evidence to justify her refusal, constitutes legally and factually sufficient
evidence that Hoover converted the bed. We overrule point four as to Hoover's challenge to the
court's finding that she converted Seinera's bed.

 Hoover next contends that the court's finding that the bed was valued at one
hundred dollars was supported by insufficient evidence. Although the wording of Hoover's point
of error is unclear, we will liberally construe it as addressing both the legal and factual sufficiency
of the evidence. See O'Neil v. Mack Trucks, Inc., 542 S.W.2d 112, 114 (Tex. 1976); Fambrough
v. Wagley, 169 S.W.2d 478, 482 (Tex. 1943); see also Tex. R. App. P. 74(d) (legal and factual
sufficiency challenges can be combined under a single point of error when argument sufficiently
directs court's attention to nature of complaint).

 The general measure of recovery for damages in a conversion suit is the fair market
value of the converted property at the time and place of the conversion, with legal interest. 
Imperial Sugar Co. v. Torrans, 604 S.W.2d 73, 74 (Tex. 1980); Ogden v. Wilson, 649 S.W.2d
780, 783 (Tex. App.--Austin 1983, writ ref'd n.r.e.). But when property, such as household
furniture and personal effects, has no readily ascertainable fair market value, the measure of
damages is the actual value of the property to the owner at the time of its loss. Crisp v. Security
Nat'l Ins. Co., 369 S.W.2d 326, 329 (Tex. 1963); Ogden, 649 S.W.2d at 783.

 The only reference to Seinera's damages for the converted bed was the demand she
made in her letter of December 27 for one hundred dollars. No one testified to the standard by
which this amount was deduced. Because the only evidence of damages was not directed to either
the actual or market value of the bed when it was converted, Seinera failed to produce legally
sufficient evidence of a proper amount to be awarded as damages. E.g., Bishop v. Geno Designs,
Inc., 631 S.W.2d 581, 584 (Tex. App.--Tyler 1982, no writ); Cantile v. Vanity Fair Properties,
505 S.W.2d 654, 660 (Tex. Civ. App.--San Antonio 1973, writ ref'd n.r.e.). Because we
determine that no evidence supports the damages finding, we do not address Hoover's factual
sufficiency challenge. We sustain point of error four as to Hoover's contention that no evidence
supports the finding that Seinera's damages for conversion amounted to one hundred dollars.



CONCLUSION


 Based on our holding that the evidence supporting the award of damages for
conversion was legally insufficient, we reverse the portion of the judgment that awards damages
of one hundred dollars for conversion of the bed and render judgment that Seinera take nothing
on her conversion claim. Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). In all other
respects, the judgment of the trial court is affirmed.



Before Justices Powers, Aboussie and B. A. Smith

Affirmed in Part; Reversed and Rendered in Part

Filed: October 12, 1994

Do Not Publish
1. [1] We review the evidence supporting the amount specifically awarded for conversion below.