Affirmed and Memorandum Opinion filed March 3, 2009








Affirmed and Memorandum Opinion filed March 3, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-01024-CV

____________

 

STEVE RAMON, Appellant

 

V.

 

DAVID R. DOW AND UNIVERSITY OF
HOUSTON, TEXAS INNOCENCE NETWORK, Appellees

 



 

On Appeal from the 412th
District Court

Brazoria County, Texas

Trial Court Cause No. 44,549

 



 

M E M O R A N D U M   O P I N I O N








Steve Ramon, an inmate in the care of the Texas Department
of Corrections, appeals from the dismissal of his lawsuit against appellees,
David R. Dow and University of Houston, Texas Innocence Network.[1] 
Ramon sued for conversion, alleging that materials he had sent to appellees
were not returned.  In two issues on appeal, Ramon contends that the trial
court erred in dismissing his lawsuit for failure to state a cause of action as
a matter of law.  We affirm.

Discussion

In his petition, Ramon alleged that on August 15, 2002, he
sent various case materials to appellees along with a request for help in
proving his innocence.  Ramon further alleged that after appellees declined his
request for help on March 16, 2003, he requested that they return the materials
and even included postage with this request.  After Ramon made additional
requests, appellees advised him that the materials had been mailed back to
him.  Ramon maintains that he never received the materials.  The only cause of
action raised in Ramon=s petition is conversion.  He seeks
$250,000 for loss of the materials and an additional $250,000 in punitive
damages.








Inmate in forma pauperis lawsuits are governed by
Chapter 14 of the Texas Civil Practice & Remedies Code.  Tex. Civ. Prac.
& Rem. Code ' 14.001‑.014.  The chapter provides
several grounds on which a court may dismiss such actions.  See id. ' 14.003.  Here,
prior to service of process and without conducting an evidentiary hearing, the
trial court dismissed Ramon=s claims because it found he Afailed to state a
cause of action as a matter of law.@  We interpret the
trial court=s action as a dismissal based on a finding that Ramon=s claims are
frivolous because they have no arguable basis in the law.  See id. ' 14.003(a), (b); Minix
v. Gonzales, 162 S.W.3d 635, 637 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  For a claim to have no arguable basis in law, it must
be based on Aan indisputably meritless legal theory@ or on wholly
incredible or irrational factual allegations.  Gill v. Boyd Distrib.  Ctr.,
64 S.W.3d 601, 603 (Tex. App.CTexarkana 2001, pet denied) (quoting Neitzke
v. Williams, 490 U.S. 319, 327 (1989), and citing Denton v. Hernandez,
504 U.S. 25, 33 (1992)).  Stated conversely, we review an inmate=s petition to
determine whether it states a cause of action for which relief can be granted. 
Scott v. Gallagher, 209 S.W.3d 262, 267-68 (Tex. App.CHouston [1st
Dist.] 2006, no pet.).  An inmate=s cause of action
may not be dismissed merely because the court considers the allegations
unlikely.  Minix, 162 S.W.3d at 637.  We utilize a de novo standard of
review in determining whether Ramon=s claims have an
arguable basis in law.  See id.  In examining the pleaded cause of
action, we take factual allegations in the petition as truth.  Scott,
209 S.W.3d at 267.

As stated, the only cause of action raised by appellant is
conversion.  In order to establish conversion of personal property, a claimant
must prove that: (1) he owned or had legal possession of the property or
entitlement to possession; (2) the defendant unlawfully and without
authorization assumed and exercised dominion and control over the property to
the exclusion of, or inconsistent with, the claimant=s rights; (3) the
claimant demanded return of the property; and (4) the defendant refused to
return the property.  Hunt v. Baldwin, 68 S.W.3d 117, 131 (Tex. App.CHouston [14th
Dist.] 2001, no pet.) (citing Waisath v. Lack=s Stores, Inc., 474 S.W.2d 444,
447 (Tex. 1971)).  The factual allegations made in Ramon=s petition, even
if taken as truth, do not fulfill all of the requirements for conversion. 
Specifically, Ramon makes no allegation that appellees assumed and exercised
dominion and control over the property to the exclusion of, or inconsistent
with, Ramon=s rights, or that they affirmatively refused to return
the materials.  Ramon contends only that appellees failed to ensure the return
of the materials.








Conversion is an intentional tort.  City of Houston v.
Petroleum Traders Corp., 261 S.W.3d 350, 361 (Tex. App.CHouston [14th
Dist.] July 24, 2008, no pet. h.).  It requires an intent to assert a right in
the property, either an assumption of ownership or a repudiation of the
claimant=s right in the
property.  See Robinson v. Nat=l Autotech, Inc., 117 S.W.3d 37,
39-41 (Tex. App.CDallas 2003, pet. denied).  It requires an
act of malfeasance and not mere nonfeasance.  Branham v. Prewitt, 636
S.W.2d 507, 510-11 (Tex. App.CSan Antonio), writ ref=d n.r.e., 643 S.W.2d 122
(Tex. 1982).  Mere loss of possession of the property is generally not enough
to constitute conversion even if resulting from negligent conduct.  Restatement
(Second) of Torts ' 234 cmt. b (1965).  Furthermore, if the
initial possession of the property by the defendant was lawful, as Ramon claims
here, there must be an actual demand for the property and an actual refusal to
deliver.  See Hofland v. Elgin‑Butler Brick Co., 834 S.W.2d 409,
413 (Tex. App.CCorpus Christi 1992, no writ).  Mere failure to
deliver when there has been a demand is generally not sufficient to prove an
affirmative refusal.  90 C.J.S. Trover and Conversion ' 45 (2002).  In
his petition, Ramon has not alleged any facts demonstrating that appellees
asserted any rights in the property or affirmatively refused to deliver the
property.  Accordingly, we overrule Ramon=s two issues.

We affirm the trial court=s judgment.

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.









[1]  In their brief, appellees assert that the Texas Innocence
Network is a separate non-profit organization and not a part of the University
of Houston.  The distinction, however, plays no role in this opinion.