# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00293-CV

**Patrick Earl Conely, Appellant**

**v.**

**Texas Board of Criminal Justice, Candace Moore, and Joella Puente, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT NO. D-1-GN-06-004478, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Patrick Earl Conely, an inmate at a state correctional facility, filed a pro se, in forma pauperis lawsuit against the Texas Board of Criminal Justice and two prison officials, Candace Moore (McConnell Unit law library supervisor) and Joella Puente (McConnell Unit grievance officer) (collectively, the "State Defendants"). Conely's claims centered on allegations that the State Defendants (1) denied him access to the courts by refusing to mail documents he had prepared for filing in the Texas Supreme Court and by confiscating his personal legal papers, (2) failed to properly investigate grievances he filed, and (3) retaliated against him for filing grievances by instituting a disciplinary action against him and by refusing to properly investigate subsequently filed grievances. The district court granted summary judgment for the State Defendants and dismissed, with prejudice, all of Conely's claims except his retaliation claim. The court directed the State Defendants to file special exceptions with regard to that claim. After special exceptions were filed,

the district court granted the State Defendants' motion to dismiss Conely's claims against them for failure to comply with chapter 14 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.001-.014 (West 2002). This appeal followed.

## FACTUAL AND PROCEDURAL BACKGROUND

Chapter 14 of the civil practice and remedies code applies to a suit, such as Conely's, brought by an inmate in a district, county, justice of the peace, or small claims court in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate. *Id.* § 14.002. The State Defendants moved to dismiss Conely's claims on two grounds: (1) Conely failed to exhaust his administrative remedies because he did not file his claim within 31 days of receiving a written decision from the inmate grievance system, *see id.* § 14.004 (court shall dismiss claim if inmate fails to file it before the 31st day after date inmate receives written decision from grievance system), and (2) Conely's claims were frivolous. *See id.* § 14.003(a)(2) (court may dismiss claim if court finds that it is frivolous or malicious). The State Defendants asserted that Conely's claims were frivolous because they had no arguable basis in law. *See id.* § 14.004(b)(2) (in determining whether claim is frivolous, court may consider whether claim has no arguable basis in law or fact). The district court's dismissal order does not state the ground on which it dismissed Conely's claims, but simply recites that the "petition filed by the plaintiff is not in compliance with the requirements set forth in Texas Civil Practices [sic] and Remedies Code, Chapter 14."

2

**DISCUSSION**

Conely challenges the district court's dismissal order in his first issue. He argues that the district court erred by finding that he failed to exhaust his administrative remedies. Conely does not, however, challenge dismissal of his suit on the ground that his claims were frivolous because they had no arguable basis in law. When, as here, a complained-of ruling or judgment rests on general grounds, the appellant must attack all independent bases or grounds that support the ruling or judgment. *See Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 423-24 (Tex. App.—Dallas 2009, no pet.) (citing *Britton v. Texas Dep't of Criminal Justice*, 95 S.W.3d 676, 681(Tex. App.—Houston [1st Dist.] 2002, no pet.)). If an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, we must accept the validity of the unchallenged independent ground. *Id.* at 424; *Secure Comm, Inc. v. Anderson*, 31 S.W.3d 428, 430-31 (Tex. App.—Austin 2000, no pet.) ("Where a judgment may rest upon more than one ground, the party aggrieved by the judgment must assign error to each ground or the judgment will be affirmed on the ground to which no complaint is made. In such situations it is said that the appellant has waived his right to complain of the ruling to which no error was assigned.") (quoting *Johnson v. Coggeshall*, 578 S.W.2d 556, 560 (Tex. Civ. App.—Austin 1979, no writ)).

In his brief, Conely addresses only the exhaustion of administrative remedies issue, and fails to challenge the alternative independent ground on which the State Defendants moved to dismiss his claims—that his claims were frivolous because they had no arguable basis in law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2), (b)(2). Conely has, therefore, waived any error the district court may have made in dismissing his claims on that ground. *See Secure Comm*,

3

31 S.W.3d at 431. Consequently, we accept the validity of the unchallenged independent ground and affirm the dismissal order. We need not address Conely's contention that the district court erred in concluding that he failed to exhaust his administrative remedies. Such error, if any, is harmless because the unchallenged independent ground supports the dismissal order. *See Oliphant Fin. LLC*, 295 S.W.3d at 424. We overrule Conely's first appellate issue.

In his second issue, Conely asserts that the district court committed fundamental error by failing to grant his motion for default judgment against Moore and Puente. Moore's and Puente's answers were due on January 14, 2007, but were not filed until February 2, 2007. Once an answer is on file, even if it is filed after the due date, the district court may not render a no-answer default judgment. *See Santex Roofing & Sheet Metal, Inc. v. Venture Steel, Inc.*, 737 S.W.2d 55, 56 (Tex. App.—San Antonio 1987, no writ). Conely argues that he filed his motion on January 25, 2007, and the district court improperly "waited until defendants filed a written answer before it ruled on [his] default motion." Conely cites no authority to support his contention that the district court was required to act on his motion before February 2, 2007. Moreover, there is nothing in the clerk's record to indicate that Conely requested that the motion be set for a hearing. In any event, even when a district court refuses to rule on a motion for default judgment, once an answer has been filed, any complaints regarding the district court's prior failure to act are rendered moot. *See Palacios v. Rayburn*, 516 S.W.2d 292, 294 (Tex. Civ. App.—Houston [1st Dist.] 1974, no writ) (plaintiff's petition for writ of mandamus against trial court judge who refused to grant default judgment against non-answering defendant rendered moot when defendant filed answer). We overrule Conely's second appellate issue.

4

In his third issue, Conely contends that the trial court abused its discretion by failing to rule on his motions (1) to compel discovery, (2) for appointment of counsel, (3) for a bench warrant and application for writ of habeas corpus ad testificandum, and (4) for new trial. The trial court may rule on a motion either expressly or implicitly. *See, e.g.*, Tex. R. App. 33.1(a)(2) (for party to present complaint for appellate review, record must show that trial court either ruled on motion, expressly or implicitly, or refused to rule and complaining party objected to refusal). Here, by granting the State Defendants' dispositive motion without ordering the State Defendants to answer discovery, appointing Conely counsel, or issuing a bench warrant, the district court implicitly denied Conely's motions. *See In re Z. L. T.*, 124 S.W.3d 163, 165 (Tex. 2003) (concluding that trial court implicitly denied inmate's request for bench warrant by proceeding to trial without issuing one). Moreover, Conely's motion for new trial and amended motion for new trial were, pursuant to the rules of civil procedure, overruled by operation of law 75 days after they were filed. *See* Tex. R. Civ. P. 329b(c). Because we conclude the district court did rule on Conely's motions, we overrule his third appellate issue.

## CONCLUSION

Having overruled Conely's three appellate issues, we affirm the district court's order of dismissal.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed:   April 22, 2010