AXELROD R & D, INC. and Microwaste
National Corporation, Appellants,

v.

Frank T. IVY, Appellee.

No. 3–92–166–CV.

Court of Appeals of Texas,
Austin.

Aug. 26, 1992.

James R. Bays, Reade & Harder, The Woodlands, for appellants.

Denise P. Tomlinson, Ledbetter, Benjamin & Tomlinson, Austin, for appellee.

Before CARROLL, C.J., and ABOUSSIE and B.A. SMITH, JJ.

CARROLL, Chief Justice.

The question presented in this appeal is whether Axelrod R & D, Inc. and Microwaste National Corporation are entitled to a bill of review to set aside a default judgment. The trial court denied the bill of review in a summary-judgment proceeding. We reverse the judgment of the trial court and remand for further proceedings on the bill of review.

## BACKGROUND

In October 1990, Frank Ivy brought suit against Axelrod R & D and Microwaste to recover on a promissory note. Ivy served process on Richard Donelly, who is a board member of Microwaste, but is not the presi-

dent, vice president, or registered agent of either corporation. Neither Axelrod R & D nor Microwaste filed an answer or appeared at trial, and on November 15, 1990, the trial court rendered default judgment against both corporations. In order to satisfy the judgment, the Travis County constable executed on a patent owned by Burton Axelrod. The constable set September 3, 1991, as the date for the sale of the patent.

On August 30, 1991, approximately nine months after the trial court rendered default judgment against them, Axelrod R & D and Microwaste filed a petition for bill of review and sought a restraining order to prevent the sale of the patent. The trial court granted the temporary restraining order. The corporations then filed a motion for summary judgment on November 12, 1991, requesting that the trial court declare the default judgment rendered in the original suit null and void. Ivy filed a cross motion for summary judgment, urging the trial court to uphold the default judgment because Axelrod R & D and Microwaste had not proved that they were entitled to a bill of review. On December 19, 1991, the trial court rendered summary judgment in favor of Ivy and denied summary judgment to Axelrod R & D and Microwaste, who now appeal.

## DISCUSSION

In their first two points of error, Axelrod R & D and Microwaste contend that the trial court erred in granting Ivy's motion for summary judgment and denying their motion. They assert that because they were not served with citation in the original suit, the trial court lacked jurisdiction to render default judgment and the judgment is therefore void as a matter of law. Alternatively, Axelrod R & D and Microwaste argue in their third point of error that the trial court erred in granting summary judgment for Ivy because a fact issue exists as to whether Axelrod R & D and Microwaste acted diligently in having the default judgment set aside.

Ivy concedes that because he served a person who is not the president, vice presi-

dent, or registered agent of either corporation, he failed to serve process on Axelrod R & D and Microwaste in compliance with the Texas Business Corporations Act. *See* Tex.Bus.Corp.Act Ann. art. 2.11 (1980) (specifying the method for serving corporations). He argues, however, that Axelrod R & D and Microwaste had constructive notice of the litigation pending against them and that they were fully aware of the subsequent default judgment because Donelly had advised the corporations' president of both matters. Ivy asserts that this Court need not determine whether the default judgment is void because Axelrod R & D and Microwaste failed to meet the requirements of an equitable bill of review and the default judgment therefore is final.

We believe instead that the issue for this Court's consideration is the threshold question of whether, within the context of a summary judgment proceeding, one of the parties has proved or disproved as a matter of law that Axelrod R & D and Microwaste are entitled to an equitable bill of review.

### A. Bill of Review.

■ A bill of review is an independent equitable action to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Transworld Fin. Serv. Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex.1987); *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979). Before a petitioner can invoke a bill of review, he ordinarily must plead and prove: (1) a meritorious defense to the cause of action alleged to support the judgment; (2) which the petitioner was prevented from making by the fraud, accident, or wrongful act of the opposite party; (3) unmixed with any fault or negligence on the petitioner's part. *Id.* at 406–407; *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (1950).

■ The courts have relaxed these requirements in instances where the party petitioning for the bill of review seeks to set aside a default judgment on the basis that he was not served with process. Under that circumstance, the petitioner need not prove the requirement of fraud, accident or wrongful act of the opposite party,

*Texas Indus., Inc. v. Sanchez*, 525 S.W.2d 870 (Tex.1975), or that he had a meritorious defense. *See Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex.1988).

■ Because Ivy concedes that he did not properly serve process on Axelrod R & D and Microwaste, they are entitled to a bill of review if they can demonstrate that they were free from fault or negligence in letting the judgment be taken. This requirement not only encompasses whether a petitioner was negligent in allowing the trial court to render default judgment against him, but also whether he exercised due diligence in availing himself of all legal remedies against the former judgment. *See Magan v. Hughes Tele. Network, Inc.*, 727 S.W.2d 104, 105 (Tex.App.1987, no writ); *Carroll v. Carroll*, 580 S.W.2d 410, 412 (Tex.Civ.App.1979, no writ). One who has neglected to pursue an alternative legal remedy such as a motion for new trial, an appeal, or a writ of error is not entitled to seek equitable relief by way of bill of review. *See Rizk v. Mayad*, 603 S.W.2d 773, 776 (Tex.1980); *National Bank v. First Nat'l Bank*, 682 S.W.2d 366, 369 (Tex.App.1984, no writ); *Mackay v. Charles W. Sexton Co.*, 469 S.W.2d 441, 445 (Tex.Civ.App.1971, no writ).

### B. Summary Judgment.

■ We must now consider whether the trial court properly rendered summary judgment denying Axelrod R & D and Microwaste a bill of review. In reviewing a summary judgment, this Court must determine whether the movant has shown that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex.R.Civ.P.Ann. 166a(c) (Supp.1992); *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548 (Tex.1985). We take as true all evidence favoring the non-movant and indulge every inference and every doubt in the non-movant's favor. *Id.* at 548–49. As noted, both parties moved for summary judgment in this cause. Since the trial court rendered judgment in favor of Ivy, Ivy had the bur-

den of proving as a matter of law that Axelrod R & D and Microwaste were not entitled to a bill of review.

The summary-judgment evidence consists primarily of the affidavits of Richard Donelly, Lydia Axelrod, and Burton Axelrod, who is the president of both Axelrod and Microwaste. In these affidavits, the parties attempt to establish when Donelly contacted Burton Axelrod with news of the pending lawsuit and the default judgment. Donelly and Burton Axelrod agree that shortly after Ivy filed the lawsuit against Axelrod and Microwaste, Donelly informed Burton Axelrod of the matter. However, the affidavits present conflicting evidence regarding when Burton Axelrod learned that the trial court had rendered default judgment against Axelrod R & D and Microwaste.

Axelrod R & D and Microwaste rely on Burton Axelrod's affidavit, in which he states that he first learned of the default judgment in August 1991 when he received a copy of the execution from the Travis County Constable's office. Donelly states in his affidavit that he personally notified Burton Axelrod immediately upon learning that the trial court had rendered judgment against Axelrod R & D and Microwaste. Thus, it is unclear from the record whether Burton Axelrod had the opportunity to use a legal remedy other than this bill of review to set aside the default judgment against Axelrod R & D and Microwaste.

■ Ivy argues that it is irrelevant that the record contains conflicting evidence about whether Axelrod R & D and Microwaste acted diligently in seeking to have the default judgment set aside. Instead, he argues that Axelrod R & D and Microwaste were negligent as a matter of law because they had actual notice of the lawsuit and failed to respond. We disagree. In *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex.1990), the Texas Supreme Court considered whether actual notice to a defendant without proper service is sufficient to convey upon the court jurisdiction to render default judgment. The court concluded that jurisdiction requires citation being issued and served in a manner provided for by law, and that absent service, waiver, or citation, mere knowledge of a pending suit does not place any duty on a defendant to act. *Id.* at 836–37. We conclude from *Wilson* that Axelrod R & D and Microwaste cannot be negligent as a matter of law for failing to act where they had no duty to do so.

■ The record presents an obvious fact issue regarding when Burton Axelrod learned of the default judgment against these corporations. This issue goes directly to whether Axelrod R & D and Microwaste met the essential bill-of-review element that they were "free from fault or negligence." Negligence is a question for the jury when facts are such that the jury could draw an inference either way. *Lyons v. Paul*, 321 S.W.2d 944, 950 (Tex. Civ.App.1958, writ ref'd n.r.e.). The trial court erred when it rendered summary judgment in this cause. Accordingly, we sustain point of error number three.

Because we cannot determine whether Axelrod R & D and Microwaste are entitled to a bill of review, we cannot reach the issue of whether the default judgment should be set aside. Thus, we conclude that the third point of error is dispositive of the summary-judgment issues presented in this cause.

### C. Motion to Modify.

■ In a fourth point of error, Axelrod R & D and Microwaste contend that the trial court erred in granting Ivy's motion to modify the judgment in this cause. That modification changed the judgment to grant attorney's fees to Ivy in the event of an appeal.

A party has within thirty days of the time a judgment is signed to file a motion to modify, correct, or reform the judgment. Tex.R.Civ.P.Ann. 329b(a) & (g) (Supp.1992). The district judge signed the judgment in this cause on December 19, 1991. Ivy filed his motion to modify the judgment on January 27, 1992, and the trial court granted the motion. Thus, the trial court granted a motion that was filed outside of the time allowed by rule 329b.

Ivy does not contest appellants' position regarding the effect of the motion to modify. However, he counters that he is entitled to attorney's fees because the original default judgment rendered in 1990 grants him $2,500 for each level of appeal. Ivy relies in part on *Rodriguez v. Holmstrom,* 627 S.W.2d 198, 202 (Tex.Civ.App.1981, no writ), in which this Court considered whether attorney's fees are available to a defendant in a bill-of-review proceeding if the default judgment in the underlying cause of action allocated attorney's fees for subsequent appeals. This Court held that the term "appeal" as employed in a default judgment necessarily encompassed consideration of that judgment by way of bill of review. *Id.* at 202–203.

We stress, however, that the question presented in this appeal is not whether Ivy is entitled to attorney's fees under the terms of the original default judgment, but whether the trial court correctly modified the judgment in the present cause. We conclude that the trial court erred in granting a motion that was filed outside of the time allowed by rule 329b. Accordingly, we sustain this point of error.

## DISPOSITION

We reverse the judgment of the trial court and remand the cause for further proceedings on the bill of review.