TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00702-CV






Russell Harris, Appellant



v.



Dennis J. Moore d/b/a Moore's Trucking , Appellee







FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 4455, HONORABLE CLAYTON E. EVANS, JUDGE PRESIDING






 Russell Harris, appellant, filed a bill of review attempting to directly and collaterally attack
a default judgment rendered against him in favor of appellee Dennis J. Moore d/b/a Moore's Trucking
("Moore"). Both Harris and Moore filed motions for summary judgment. The trial court granted Moore's
motion for summary judgment denying the bill of review, denied Harris's motion, and sanctioned Harris. 
On appeal, Harris contends the trial court erred in granting Moore's motion for summary judgment,
because: (1) Moore's summary judgment did not dispose of all the claims asserted in Harris's petition; (2)
issues of material fact preclude summary judgment against Harris; and (3) the trial court improperly relied
on Moore's summary judgment proof. Harris also argues the trial court erred in denying his own motion
for summary judgment because the default judgment rendered against Harris was void for lack of personal
jurisdiction over Harris, and because Harris did not receive notice of the entry of the default judgment. 
Finally, Harris contends the trial court violated his due process rights by sanctioning him without providing
him an opportunity to be heard. We will reverse the judgment of the trial court.


FACTUAL AND PROCEDURAL BACKGROUND


 In 1992, Moore sued Harris, Harris's partners, their limited partnership, and their
corporation to collect payment for construction work Moore did on their ranch. Moore served the petition
on David Brock, an attorney with a law firm in San Antonio, accompanied by a cover letter expressing his
understanding that Brock had agreed to accept service for all defendants. James Hill, another attorney from
the same law firm, filed an answer on behalf of all the defendants. Hill also filed a counterclaim and a
motion for partial summary judgment on behalf of the individual defendants, including Harris. Although
Harris was aware that he had been named in the suit as a limited partner, he claims he had no knowledge
that he had also been sued as an individual. Shortly before trial, Hill filed a motion to withdraw as counsel
for defendants; the trial court granted the motion. None of the defendants appeared at the trial. Moore
presented evidence to the court and, on January 3, 1994, obtained a post-answer default judgment (1) against
Harris and the other defendants jointly and severally for $32,993.48 plus interest, attorney's fees, and
costs. The record does not reflect that Harris received notice of the judgment. See Tex. R. Civ. P. 239a.

 In October 1994, Harris filed this bill of review attempting to directly and collaterally attack
the default judgment, asserting that: (1) he never authorized Hill or Brock to receive service on his behalf
or to represent him individually in the underlying lawsuit, rendering the default judgment void for lack of
personal jurisdiction; (2) he did not receive notice of the default judgment; and (3) he met the requirements
for a bill of review. (2) Both Moore and Harris filed motions for summary judgment. In his response to
Moore's motion, Harris filed an affidavit in which he averred that he had never received any
correspondence from attorney Hill. Moore responded to Harris's affidavit by filing additional summary
judgment evidence and a motion for fees and costs, contending the affidavit was in direct contradiction to
testimony Harris had previously given regarding his communications with Hill. The trial court granted
Moore's summary judgment motion, denied Harris's, and, pursuant to Texas Rule of Civil Procedure
166a(h), awarded Moore $2,221.55 as reasonable expenses and attorney's fees incurred as a result of
Harris's affidavit. This appeal followed.


DISCUSSION


 A summary judgment is appropriate only where a movant establishes that there is no
genuine issue as to any material fact and that it is entitled to a judgment as a matter of law. Randall's Food
Mkts. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); Nixon v. Mr. Property Management Co., 690
S.W.2d 640, 644 (Tex. 1985). In deciding whether there is a disputed material fact issue precluding
summary judgment, we must consider any evidence favorable to the nonmovant as true. Nixon, 690
S.W.2d at 548-49. Every reasonable inference must be indulged in favor of the nonmovant and any doubts
resolved in its favor. Id.


(1) Moore's Entitlement to Summary Judgment

 In his second point of error, Harris contends the trial court erred in granting Moore's
motion for summary judgment and dismissing his bill of review. A bill of review is an independent action
brought by a party to a former action seeking to set aside a final judgment that is no longer subject to a
motion for new trial, appeal, or writ of error. Ortega v. First RepublicBank, Fort Worth, N.A., 792
S.W.2d 452, 453 (Tex. 1990); Transworld Fin. Servs. v. Briscoe, 722 S.W.2d 407, 407 (Tex. 1987). 
It is an equitable proceeding designed to prevent manifest injustice. French v. Brown, 424 S.W.2d 893,
895 (Tex. 1967).

 In order to be eligible for a bill of review, a movant must ordinarily show that he had a
meritorious claim or defense and that he was prevented from asserting that defense by the fraud, accident,
or mistake of the opposing party, unmixed with any fault or negligence of his own. Ortega, 792 S.W.2d
at 453. Freedom from negligence encompasses not only whether the bill-of-review plaintiff was negligent
in allowing the trial court to render default judgment against him, but also whether he exercised due
diligence in availing himself of all legal remedies to challenge the judgment. Tice v. City of Pasadena, 767
S.W.2d 700, 702 (Tex. 1989); Axelrod R & D v. Ivy, 839 S.W.2d 126, 128 (Tex. App.--Austin 1992,
writ denied). A party who has neglected to pursue an alternative legal remedy such as a motion for new
trial, appeal, or writ of error is not entitled to equitable relief by way of bill of review. See Rizk v. Mayad,
603 S.W.2d 773, 776 (Tex. 1980).

 Moore contends he is entitled to summary judgment because Harris had notice of the
underlying lawsuit and was thus negligent in allowing the trial court to render default judgment against him. (3) 
See McRoberts v. Ryals, 863 S.W.2d 450, 453 (Tex. 1993) (only need to negate one element of bill of
review for summary judgment to stand). The summary judgment evidence, however, does not conclusively
prove that Harris was aware he was being sued in his individual capacity. While Harris admits knowledge
of his potential liability as a limited partner, he claims he was unaware of being named in the underlying
lawsuit as an individual. Moore argues that Harris received various documents relating to the underlying
lawsuit, and that these documents conclusively establish Harris's knowledge, before the default judgment
was rendered against him, of both his potential individual liability and the January 3, 1994 trial setting.

 We conclude, however, that the summary judgment evidence does not conclusively
establish that Harris received all necessary documents and understood their effect. Indulging all inferences
in favor of Harris, we cannot assume that a layperson's examination of pleadings in which he is sued in
more than one capacity, without any consultation with an attorney and when the layperson has not been
issued service, would necessarily notify him of his potential individual liability. The summary judgment proof
does not, therefore, conclusively establish Harris's knowledge of his potential individual liability. Thus,
Moore has not demonstrated as a matter of law that Harris was negligent in allowing the trial court to
render default judgment against him. Accordingly, the trial court erred in granting Moore's motion for
summary judgment. We sustain point of error two.


(2) Harris's Entitlement to Summary Judgment

 In his third point of error, Harris contends the trial court erred in denying his own motion
for summary judgment because the default judgment was void. Specifically, Harris attempts to collaterally
attack the default judgment by arguing that the trial court lacked personal jurisdiction over him because he
was never served with process and never waived the right to be served with process. However, absence
of notice to a Texas resident (4) will make a judgment voidable, but not void. Hawkins v. Twin Montana,
Inc., 810 S.W.2d 441, 446 (Tex. App.--Fort Worth 1991, no writ); Davis v. Boone, 786 S.W.2d 85,
87 n.3 (Tex. App.--San Antonio 1990, no writ).

 In order to determine if error exists in a civil judgment against a Texas resident, the court
must look only to the record. See Huffstutlar v. Koons, 789 S.W.2d 707, 710 (Tex. App.--Dallas
1990, no writ). In a collateral attack by a Texas resident, recitations in the judgment will prevail over the
rest of the record. Therefore, even if other parts of the record appear to show a lack of personal
jurisdiction, the collateral attack fails if the judgment recites the contrary. Id.; Burrows v. Miller, 797
S.W.2d 358, 359-60 (Tex. App.--Tyler 1990, no writ) (citing McKanna v. Edgar, 388 S.W.2d 927
(Tex. 1965) and Donaldson v. First State Bank, 352 S.W.2d 302 (Tex. Civ. App.--Amarillo 1961, writ
ref'd n.r.e.)). In this case, the judgment recites proper service upon Harris. Thus, based on the record
before us, we cannot say that there is error on the face of the record showing an absence of personal
jurisdiction. We overrule point of error three.

 In his fourth point of error, Harris contends the trial court erred in denying his motion for
summary judgment because he did not receive notice of the rendition of the judgment against him; thus, he
was unable to appeal and was therefore denied due process of law. We have a duty to construe points
of error liberally. See Tex. R. App. P. 74(p). We construe this point as contending that because Harris
did not receive notice of the trial court's default judgment against him, Harris conclusively established his
lack of negligence, and was therefore entitled to summary judgment.

 When a party is seeking to set aside a default judgment on the ground that he did not
receive notice of pending litigation, he need only show the default judgment was rendered without any fault
or negligence of his own. In Texas Industries, Inc. v. Sanchez, 525 S.W.2d 870, 871 (Tex. 1975), the
Texas Supreme Court held that, when a defendant proves he was not served with citation, and did not
otherwise waive service, he need not prove the second requirement of a bill of review: that he was
prevented from making a meritorious defense by fraud, accident, or wrongful conduct of the opposite party. 
The United States Supreme Court went a step further in Peralta v. Heights Medical Center, Inc., 485
U.S. 80 (1988), when it reversed the Texas courts and held that a party who did not receive notice of
pending litigation is not required to make any showing of a meritorious defense in order to seek a bill of
review. See also Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988).

 Moore argues that Harris waived any complaint regarding service defects when attorney
Hill filed an answer on his behalf, and therefore Harris must meet all the requirements of the bill of review. 
See Schulz v. Schulz, 726 S.W.2d 256, 258 (Tex. App.--Austin 1987, no writ) (general appearance
waives any complaints concerning defective service). Harris claims, however, that he did not authorize Hill
to file the answer, and therefore the answer filed by Hill did not constitute an appearance by Harris in the
underlying lawsuit. There is a presumption of law that an attorney appearing for a party is authorized to
act on that party's behalf. However, this presumption can be rebutted by conclusively establishing that the
attorney was not authorized to appear for the litigant. West v. City Nat'l Bank, 597 S.W.2d 461, 463
(Tex. Civ. App.--Beaumont 1980, no writ); Grey v. First Nat'l Bank, 393 F.2d 371, 384 (5th Cir.),
cert. denied, 393 U.S. 961 (1968).

 However, we need not decide the issue of whether Harris was properly served in the
underlying lawsuit because, as discussed below, Harris has not conclusively proven his lack of negligence
in availing himself of the legal remedies against the January 3, 1994 default judgment. Therefore, even were
Harris required to prove only lack of negligence in order for his bill of review to succeed, he would not be
entitled to summary judgment based on the present record. Thus, whether Harris must prove all three bill
of review requirements or just his lack of negligence is not material to this appeal.

 Texas Rule of Civil Procedure 239a governs the notice requirements to a party against
whom a default judgment has been rendered. Rule 239a provides that 


 At or immediately prior to the time [an] interlocutory or final default judgment is rendered,
the party taking the same or his attorney shall certify to the clerk in writing the last known
mailing address of the party against whom the judgment is taken . . . . Immediately upon
the signing of the judgment, the clerk shall mail written notice thereof to the party against
whom the judgment was rendered . . . ."



Tex. R. Civ. P. 239a. Although the record in the present case does not show that Harris received such
notice, the certificate and notice provisions of Rule 239a have been considered directory rather than
mandatory, and the clerk's failure to send the required notice does not affect the finality of the judgment. 
See Tex. R. Civ. P. 239a; John v. State, 826 S.W.2d 138, 139 (Tex. 1992); Petro-Chemical Transport,
Inc. v. Carroll, 514 S.W.2d 240, 244-45 (Tex. 1974). Failure to provide notice of a default judgment
under rule 239a can, however, be used to establish lack of notice as a ground for bill of review. Long v.
McDermott, 813 S.W.2d 622, 624 n.4 (Tex. App.--Houston [1st Dist.] 1991, no writ). Specifically,
lack of notice of a default judgment is evidence that tends to rebut any inference of negligence that might
arise from failing to avail oneself of all legal remedies against a former judgment. If, as a result of the clerk's
non-compliance with rule 239a, a party has no notice of the rendition of a judgment against him, he cannot
be considered negligent for having failed to pursue an appeal, new trial, or writ of error. In the present
case, however, Harris has not conclusively established that he did not learn of the judgment until after all
time periods for filing a motion for new trial, an appeal, or a writ of error. The record contains some
evidence that Harris learned of the January 4, 1994 default judgment approximately ten weeks after it was
signed, thus triggering his appellate deadlines from the date he learned of the judgment and giving him an
opportunity to challenge the judgment by filing a motion for new trial, an appeal, or a writ of error. See
Tex. R. Civ. P. 306a(4).

 Furthermore, freedom from negligence in filing a bill of review encompasses not only
whether a party exercised due diligence in availing himself of all legal remedies against a former judgment,
but also whether he was negligent in allowing the trial court to render the judgment against him in the first
place. See Axelrod, 839 S.W.2d at 128. As discussed above in relation to point of error two, Harris has
not conclusively proven the absence of his negligence in allowing the default judgment to be rendered
against him. We overrule point of error four.

 In his sixth point of error, Harris argues the trial court erred in sanctioning him without
providing him notice and opportunity to be heard. However, because of the placement and wording of the
sanction award within the summary judgment order, we deem the award part and parcel of that order. 
Because we must reverse the summary judgment order, the sanctions award necessarily falls with it, and
we need not address Harris's point of error challenging that award. Furthermore, having sustained Harris's
second point of error, we do not need to consider his first or fifth points of error, in which he complains that
the trial court granted more relief than was requested and improperly considered certain summary judgment
evidence, since Harris would not be entitled to any more relief than he has already received even if we
sustained those points.



CONCLUSION


 The trial court erred in granting Moore's motion for summary judgment, but did not err in
failing to grant Harris's motion. Accordingly, the judgment of the trial court is reversed and the cause is
remanded to that court for further proceedings.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones and Kidd

Reversed and Remanded

Filed: July 24, 1997

Do Not Publish

1. See Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979) ("post-answer default judgment"
occurs when answer is on file, but defendant fails to appear at trial).
2. Harris also requested a temporary restraining order and an injunction to prevent Moore from
executing on the judgment. On November 3, 1994, the trial court held a hearing on the temporary
injunction. Harris, Moore, and one of the co-defendants in the underlying suit testified. At the close of the
hearing, the trial court dismissed the entire case, holding that Harris's bill of review lacked merit. This
Court reversed the trial court's judgment and remanded the cause, holding that the trial court erred in
dismissing the case following the temporary injunction hearing without providing notice that the merits of
the bill of review were at stake. See Harris v. Moore, 912 S.W.2d 860, 862 (Tex. App.--Austin 1995,
no writ).
3. Moore's motion for summary judgment does not state as one of its grounds that Harris was
negligent in failing to avail himself of all legal remedies to challenge the default judgment after its rendition. 
Accordingly, Moore is not entitled to assert Harris's negligence in that regard. See McConnell v.
Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993) (summary judgment may not be affirmed
on ground not mentioned in motion). 
4. No one contests that Harris is a resident of Texas.


, however, be used to establish lack of notice as a ground for bill of review. Long v.
McDermott, 813 S.W.2d 622, 624 n.4 (Tex. App.--Houston [1st Dist.] 1991, no writ). Specifically,
lack of notice of a default judgment is evidence that tends to rebut any inference of negligence that might
arise from failing to avail oneself of all legal remedies against a former judgment. If, as a result of the clerk's
non-compliance with rule 239a, a party has no notice of the rendition of a judgment against him, he cannot
be considered negligent for having failed to pursue an appeal, new trial, or writ of error. In the present
case, however, Harris has not conclusively established that he did not learn of the judgment until after all
time periods for filing a motion for new trial, an appeal, or a writ of error. The record contains some
evidence that Harris learned of the January 4, 1994 default judgment approximately ten weeks after it was
signed, thus triggering his appellate deadlines from the date he learned of the judgment and giving him an
opportunity to challenge the judgment by filing a motion for new trial, an appeal, or a writ of error. See
Tex. R. Civ. P. 306a(4).

 Furthermore, freedom from negligence in filing a bill of review encompasses not only
whether a party exercised due diligence in availing himself of all legal remedies against a former judgment,
but also whether he was negligent in allowing the trial court to render the judgment against him in the first
place. See Axelrod, 839 S.W.2d at 128. As discussed above in relation to point of error two, Harris has
not conclusively proven the absence of his negligence in allowing the default judgment to be rendered
against him. We overrule point of error four.

 In his sixth point of error, Harris argues the trial court erred in sanctioning him without
providing him notice and opportunity to be heard. However, because of the placement and wording of the
sanction award within the summary judgment order, we deem the award part and parcel of that order. 
Because we must reverse the summary judgment order, the sanctions award necessarily falls with it, and
we need not address Harris's point of error challenging that award. Furthermore, having sustained Harris's
second point of error, we do not need to consider his first or fifth points of error, in which he complains that
the trial court granted more relief than was requested and improperly considered certain summary judgment
evidence, since Harris would not be entitled to any more relief than he has already received even if we
sustained those points.



CONCLUSION


 The trial court erred in granting Moore's motion for summary judgment, but did not err in
failing to grant Harris's motion. Accordingly, the judgment of the trial court is reversed and the cause is
remanded to that court for further proceedings.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones and Kidd

Reversed and Remanded

Filed: July 24, 1997

Do Not Publish

1. See Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979) ("post-answer default judgment"
occurs when answer is on file, but defendant fails to appear at trial).
2. Harris also requested a temporary restraining order and an injunction to prevent Moore from
executing on the judgment. On November 3, 1994, the trial court held a hearing on the temporary
injunction. Harris, Mo