Michael J. EDISON, Appellant,

v.

**BETA FINANCIAL CORPORATION,**
Appellee.

No. 11–98–00083–CV.

Court of Appeals of Texas,
Eastland.

May 27, 1999.

John D. Clayman, Tilly & Associates, Tulsa, OK, Braden W. Sparks, Braden Sparks PC, Dallas, for appellant.

Scott Paul Hazen, Jessie Amos, Brown McCarroll, & Oaks Hartline LLP, Austin, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

OPINION

TERRY McCALL, Justice.

Appellant Michael J. Edison obtained a default judgment against appellee, Beta Financial Corporation. The trial court granted Beta's bill of review, held a subsequent hearing on the merits of Edison's original claim which Edison did not attend, and then dismissed Edison's petition for want of prosecution. We affirm.

InsurUSA, a company controlled by Edison, borrowed approximately five million dollars from Beta in 1987. Edison guaranteed the loan. He dealt with Michael Lang, one of the investors in Beta. Edison's relationship with Beta and Lang eventually deteriorated, probably because InsurUSA was behind in its debt payments. In July 1990, Edison filed suit against both Beta and Lang, alleging lender liability. Beta, a foreign corporation, and its parent, Mississippi Savings Bank, were then experiencing financial difficulties. Citation for service on Beta was

issued to be served on its registered agent, but the citation was returned unexecuted. Edison then tried citation by serving the Secretary of State. The Secretary of State forwarded the citation and copies of the petition to Beta's registered address in Dallas, but they were returned with a notation that the "forwarding order" with the post office had expired. Edison subsequently tried service again by serving the Secretary of State, and this time it appeared that service on Beta had been successful. On April 18, 1991, the trial court signed a default judgment in favor of Edison against Beta, relieving Edison of his personal guarantee of the five million dollar loan and awarding Edison damages. The court also entered an order severing the claims against Beta from those against Lang.

Beta filed its petition for a bill of review in May 1994. On June 28, 1996, the trial court held its first hearing on Beta's bill of review petition and ruled that the service of process against Beta was defective. Edison does not complain of this ruling. Because there had been defective service underlying the default judgment, the court further ruled that Beta need not demonstrate at trial that it had either: (1) a meritorious defense to the cause of action alleged to support the default judgment or (2) an excuse justifying the failure to make the defense which was based on the fraud, accident, or wrongful act of Edison. The court reserved for determination at the bill of review trial the question of whether Beta had an excuse unmixed with any fault or negligence on its part.

■ At the bill of review trial on September 3, 1996, Beta introduced a "Stipulation of Facts" entered into between the parties, but it did not call any witnesses. Edison called five witnesses. Based on the stipulated facts and evidence presented, the court determined that Beta had not been negligent or at fault. The court

granted Beta's petition for bill of review and vacated the default judgment against Beta.[1]

On February 2, 1998, the court issued a Notice of Final Disposition and set a hearing on Edison's original cause of action on February 13, 1998. Counsel for Beta appeared at the February 13 hearing, but neither Edison nor his counsel appeared despite proper notice. The court dismissed Edison's petition for want of prosecution. Edison does not complain of the court's dismissal of his original cause of action; his contention is that the court should not have granted the bill of review.

## Issue on Appeal

Edison argues that the evidence was legally and factually insufficient to show that Beta "had an excuse unmixed with any fault or negligence on its part," that Beta's failure to maintain a registered office and registered agent in Texas constitutes negligence as a matter of law, and, therefore, that the trial court erred in granting Beta's bill of review.

## Analysis

■ Because there was defective service on Beta, we find that Beta was entitled to the bill of review as a matter of law. See *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988). Edison's failure to properly serve Beta establishes Beta's own want of fault or negligence. *Caldwell v. Barnes*, 975 S.W.2d 535 (Tex.1998). Thus, we need not review the legal and factual sufficiency of the evidence to support the trial court's judgment.

■ A bill of review is an independent equitable action brought by a party to a previous suit who seeks to set aside a judgment that is no longer subject to a motion for new trial or an appeal. *State v.1985 Chevrolet Pickup Truck VIN:*

1. At this point, the court's judgment could not be appealed. A bill of review which sets aside a prior judgment but does not dispose of the case on the merits is interlocutory and not appealable. *Jordan v. Jordan,* 907 S.W.2d 471 (Tex.1995).

*1GCEK14HLFS165672*, 778 S.W.2d 463, 464 (Tex.1989). To prevail on its bill of review, a petitioner normally must establish: (1) a meritorious claim or defense; (2) which petitioner was prevented from asserting by the fraud, accident, or wrongful act of the opposing party; (3) unmixed with any fault or negligence of the petitioner. *Transworld Financial Services Corporation v. Briscoe*, 722 S.W.2d 407 (Tex.1987).

In *Caldwell v. Barnes*, the Texas Supreme Court reversed the lower court's summary judgment denial of the defendant's petition for a bill of review, finding that there was a genuine issue of fact concerning whether the defendant had been served. The court then made it clear:

> If he was not served, constitutional due process relieves him of showing a meritorious defense, *Peralta v. Heights Medical Ctr., Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988), he is not required to show that Barnes's fraud, accident or wrongful act prevented him from presenting such a defense, *Texas Industries, Inc. v. Sanchez*, 525 S.W.2d 870 (Tex.1975), *and his own want of fault or negligence is established.* (Emphasis added)

*Caldwell v. Barnes*, supra at 537.

The *Caldwell* court's reasoning is consistent with the reasoning in *Wilson v. Dunn*, 800 S.W.2d 833 (Tex.1990). There the trial court authorized substitute service of suit papers upon the defendant without an affidavit or other evidence justifying such service as required by TEX.R.CIV.P. 106(b). The defendant in *Wilson* nevertheless received the citation and petition but did not answer, and the trial court rendered default judgment against him. After learning of the default judgment, the defendant filed a motion for new trial but did not complain of the defective service. The court denied his motion, noting that the defendant had received actual notice of the suit and that his failure to file an appearance was due to the conscious indifference of his insurer. On appeal, the defendant complained of the defective service for the first time. The supreme court held that the trial court lacked jurisdiction to render default judgment due to the defective service:

> Actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him. See *Harrell v. Mexico Cattle Co.*, 73 Tex. 612, 11 S.W. 863, 865 (1889). Rather, jurisdiction is dependent upon citation issued and served in a manner provided for by law.

*Wilson v. Dunn*, supra at 836.

*Axelrod R & D, Inc. v. Ivy*, 839 S.W.2d 126 (Tex.App.—Austin 1992, writ den'd), is cited by both Edison and Beta. In *Axelrod*, there was defective service on two defendants; a default judgment was entered; and the defendants sought a bill of review. The trial court granted the plaintiff's motion for summary judgment and denied the bill of review. The court of appeals found that, because of the defective service, the first two requirements for a bill or review were met; and, on the third requirement, the court cited *Wilson v. Dunn*, supra, stating:

> We conclude from *Wilson* that Axelrod R & D and Microwaste *cannot be negligent as a matter of law* for failing to act where they had no duty to do so. (Emphasis added)

*Axelrod R & D, Inc. v. Ivy*, supra at 129. Beta argues this holding; however, the *Axelrod* court then went on to reverse and remand the case to determine the fault or negligence of the defendants. Edison argues that holding:

> The record presents an obvious fact issue regarding when Burton Axelrod learned of the default judgment against these corporations. This issue goes directly to whether Axelrod R & D and Microwaste met the essential bill-of-review element that they were "free from fault or negligence." Negligence is a question for the jury when facts are such that the jury could draw an infer-

ence either way. The trial court erred when it rendered summary judgment [for Ivy]. (Citation omitted)

*Axelrod R & D, Inc. v. Ivy*, supra.

The *Axelrod* court held that the timing of the defendants' actual notice of the suit was material to the issue of their fault or negligence in failing to act. We disagree with this portion of the *Axelrod* decision.

█ We believe the *Axelrod* court's first conclusion, that Axelrod R & D and Microwaste were not negligent or at fault as a matter of law, was correct in light of *Peralta v. Heights Medical Center, Inc.*, supra; *Caldwell v. Barnes*, supra; and *Wilson v. Dunn*, supra. For well over a century, the rule has been firmly established in this state that a default judgment cannot withstand direct attack by a defendant who complains he was not served in strict compliance with applicable requirements. See *Wilson v. Dunn*, supra at 836; *Harrell v. Mexico Cattle Co.*, 73 Tex. 612, 11 S.W. 863, 865 (1889). Edison's issue on appeal is overruled.

### Judgment

We affirm the judgment of the trial court.