TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00393-CV







Russell Harris, Appellant



v.



Dennis J. Moore d/b/a Moore's Trucking, Appellee







FROM THE DISTRICT COURT OF BLANCO COUNTY, 33RD JUDICIAL DISTRICT


NO. 4455, HONORABLE ROBERT R. BARTON, JUDGE PRESIDING






 Appellant Russell Harris petitioned the trial court for a bill of review to set aside
a post-answer default judgment rendered in favor of appellee Dennis Moore d/b/a Moore's
Trucking. The cause was tried to a jury, which returned a verdict in favor of Moore. From the
court's rendition of judgment on the verdict denying the bill of review, Harris appeals. We will
affirm the trial court's judgment.

 In the cause underlying the petition for bill of review, Moore sued Harris, his
business partners, their limited partnership, and their corporation to collect payment for work
Moore did on their ranch. Although the judgment in the underlying cause recites that Harris was
served with citation, the parties agree that no citation was served on Harris; the parties dispute,
however, whether Harris authorized an attorney to accept service of the petition for him. Harris
also disputes whether attorney James Hill, who filed an answer on behalf of all the defendants, had
authority to file it for Harris. Harris claims that the succeeding legal work that Hill did on his
behalf in the cause was likewise unauthorized. Hill withdrew from representation in the cause
pursuant to an order on an agreed motion, and none of the defendants appeared for trial. 
Following a default judgment rendered against all defendants in January 1994, Harris initiated this
bill of review.(1)

 In his first three points of error, Harris challenges the evidentiary support for the
jury's finding that Harris ratified the conduct of attorney Hill in filing an answer for and
representing Harris until Hill withdrew in December 1993. In point of error four, Harris contends
that the trial court's improper comment on the weight of the evidence caused the jury to find
ratification erroneously. Because he was never served with citation, Harris seeks to overturn the
finding on ratification so that he can rely on a lack of service to support his petition for bill of
review.

 A bill of review is an equitable proceeding by a party to a former action who seeks
to set aside a judgment that is no longer appealable or subject to a motion for new trial. Ortega
v. First RepublicBank Fort Worth, N.A., 792 S.W.2d 452, 453 (Tex. 1990). A petitioner for bill
of review must ordinarily prove (1) a meritorious claim or defense, (2) that he was prevented from
making by the fraud, accident or wrongful act of his opponent, (3) unmixed with any fault or
negligence of his own. Id. One who seeks to set aside a default judgment on the ground that he
did not receive notice of pending litigation is exempt from the first two requirements, but must
show that his failure to present a meritorious defense was not due to his own negligence. Jarrett
v. Northcutt, 592 S.W.2d 930, 930-31 (Tex. 1979); Axelrod R & D, Inc. v. Ivy, 839 S.W.2d 126,
128 (Tex. App.--Austin 1992, writ denied); see Peralta v. Heights Medical Ctr., Inc., 485 U.S.
80, 86 (1988) (defendant who did not receive notice of pending litigation need not show
meritorious defense to seek bill of review); Texas Indus., Inc. v. Sanchez, 525 S.W.2d 870, 871
(Tex. 1975) (defendant who was not served with citation need not prove fraud, accident, or
wrongful conduct of opponent). To show that he is free from negligence, the petitioner must
establish that he was diligent not only to prevent the trial court from rendering a default judgment
against him, but also to avail himself of all legal remedies to challenge the judgment after it was
rendered. Wembley Inv. Co. v. Herrera, 11 S.W.3d 924, 927 (Tex. 1999); Tice v. City of
Pasadena, 767 S.W.2d 700, 702 (Tex. 1989); Axelrod, 839 S.W.2d at 128.

 By cross-point, Moore argues that the trial court's judgment denying the bill of
review is supported by unchallenged findings on an alternative ground. In response to question
four, the jury found that Harris was negligent in failing to discover that judgment had been
rendered against him individually within ninety days after it was signed. In response to question
five, the jury found that Harris' negligence proximately caused his failure to try to set aside the
judgment within 120 days after it was signed. Even if Harris did not ratify Hill's conduct and
Harris can rely on the lack of service to seek a bill of review, Harris must still prove that his
failure to present a meritorious defense was not due to his own negligence. Jarrett, 592 S.W.2d
at 930-31; Axelrod, 839 S.W.2d at 128; but see Edison v. Beta Fin. Corp., 994 S.W.2d 827, 830
(Tex. App.--Eastland 1999, pet. denied) (petitioner for bill of review who has not been served
need not prove lack of fault). A party who has neglected to pursue an alternative legal remedy
such as a motion for new trial, appeal, or restricted appeal is not entitled to equitable relief by way
of bill of review. Rizk v. Mayad, 603 S.W.2d 773, 776 (Tex. 1980).

 According to the jury's answers to questions four and five, Harris could have
discovered by exercising diligence that judgment had been rendered against him in time to move
for late notice of judgment. See Tex. R. Civ. P. 306a(4), (5); Tex. R. App. P. 4.2; Vineyard Bay
Dev. Co. v. Vineyard on Lake Travis, 864 S.W.2d 170, 172 (Tex. App.--Austin 1993, writ denied)
(party who learns of judgment within ninety days of its signing generally has thirty days to move
to restart appellate timetable). By failing to seek to restart the appellate timetable, Harris
negligently lost the chance to present evidence by motion for new trial that he was never served
with citation. We presume that the jury's answers to questions four and five, which Harris does
not challenge, support the trial court's judgment. Johnson v. Coggeshall, 578 S.W.2d 556, 560
(Tex. Civ. App.--Austin 1979, no writ). Because the court's judgment can be supported on the
ground that Harris failed to exercise due diligence, we need not address Harris' first four points. 
We sustain Moore's cross-point.

 In point of error five, Harris asserts that the trial court erred in rendering judgment
against him because he proved as a matter of law that the court in the underlying cause never
obtained personal jurisdiction over him. By this point, Harris seeks, not to satisfy the
requirements for a bill of review, but to collaterally attack the underlying judgment. See Texas
Dep't of Transp. v. T. Brown Constructors, Inc., 947 S.W.2d 655, 659 (Tex. App.--Austin 1996,
writ denied) (bill of review that fails as direct attack may constitute collateral attack). In a
collateral attack on a judgment, the recitations of the judgment control the rest of the record and
extrinsic evidence cannot be used to establish a lack of jurisdiction. Huffstutlar v. Koons, 789
S.W.2d 707, 710 (Tex. App.--Dallas 1990, no writ). The court in the underlying cause recited
in its judgment that although Harris did not appear at trial, he had been "duly cited and noticed."

 Harris seeks to expand the scope of review beyond the judgment by invoking the
exception to this narrow scope that applies when the defendant alleges that the court lacked any
potential jurisdiction. When a court has no potential jurisdiction over the defendant, the defendant
can collaterally attack that court's judgment with extrinsic evidence. Dispensa v. University State
Bank, 987 S.W.2d 923, 930 (Tex. App.--Houston [14th Dist.] 1999, no pet.); see, e.g., Hicks v.
Sias, 102 S.W.2d 460, 464 (Tex. Civ. App.--Beaumont 1937, writ ref'd) (before enactment of
long-arm statute, trial court lacked potential jurisdiction over nonresident defendant served out of
state); Pellow v. Cade, 990 S.W.2d 307, 312 (Tex. App.--Texarkana 1999, no pet.) (justice court
lacked any potential jurisdiction over nonexistent claim). Harris claims that from the time the
underlying suit was filed through the date of the judgment he was undisputedly a resident of
California, precluding the court from obtaining even potential jurisdiction over him.

 Assuming the record shows conclusively that Harris was a nonresident, such a
showing is insufficient to negate all potential jurisdiction of the trial court. Texas' procedural
rules governing service of process and Texas' long-arm statute enabled the court to have potential
jurisdiction over him. Dispensa, 987 S.W.2d at 930. Harris does not assert that he lacked the
minimum contacts with Texas required to subject him to the personal jurisdiction of the court. 
Having failed to show that the court lacked any potential jurisdiction over him, Harris must limit
his collateral attack to the recitals of the judgment. The judgment's recital that Harris was duly
cited forecloses this attack. We therefore overrule point five.

 We affirm the trial court's judgment.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: October 5, 2000

Do Not Publish


1. In the course of prosecuting his bill of review, Harris has brought two previous appeals
to this Court. See Harris v. Moore, 912 S.W.2d 860 (Tex. App.--Austin 1995, no writ); Harris
v. Moore, No. 03-96-702-CV (Tex. App.--Austin July 24, 1997, no writ) (not designated for
publication).


ed) (petitioner for bill of review who has not been served
need not prove lack of fault). A party who has neglected to pursue an alternative legal remedy
such as a motion for new trial, appeal, or restricted appeal is not entitled to equitable relief by way
of bill of review. Rizk v. Mayad, 603 S.W.2d 773, 776 (Tex. 1980).

 According to the jury's answers to questions four and five, Harris could have
discovered by exercising diligence that judgment had been rendered against him in time to move
for late notice of judgment. See Tex. R. Civ. P. 306a(4), (5); Tex. R. App. P. 4.2; Vineyard Bay
Dev. Co. v. Vineyard on Lake Travis, 864 S.W.2d 170, 172 (Tex. App.--Austin 1993, writ denied)
(party who learns of judgment within ninety days of its signing generally has thirty days to move
to restart appellate timetable). By failing to seek to restart the appellate timetable, Harris
negligently lost the chance to present evidence by motion for new trial that he was never served
with citation. We presume that the jury's answers to questions four and five, which Harris does
not challenge, support the trial court's judgment. Johnson v. Coggeshall, 578 S.W.2d 556, 560
(Tex. Civ. App.--Austin 1979, no writ). Because the court's judgment can be supported on the
ground that Harris failed to exercise due diligence, we need not address Harris' first four points. 
We sustain Moore's cross-point.

 In point of error five, Harris asserts that the trial court erred in rendering judgment
against him because he proved as a matter of law that the court in the underlying cause never
obtained personal jurisdiction over him. By this point, Harris seeks, not to satisfy the
requirements for a bill of review, but to collaterally attack the underlying judgment. See Texas
Dep't of Transp. v. T. Brown Constructors, Inc., 947 S.W.2d 655, 659 (Tex. App.--Austin 1996,
writ denied) (bill of review that fails as direct attack may constitute collateral attack). In a
collateral attack on a judgment, the recitations of the judgment control the rest of the record and
extrinsic evidence cannot be used to establish a lack of jurisdiction. Huffstutlar v. Koons, 789
S.W.2d 707, 710 (Tex. App.--Dallas 1990, no writ). The court in the underlying cause recited
in its judgment that although Harris did not appear at trial, he had been "duly cited and noticed."

 Harris seeks to expand the scope of review beyond the judgment by invoking the
exception to this narrow scope that applies when the defendant alleges that the court lacked any
potential jurisdiction. When a court has no potential jurisdiction over the defendant, the defendant
can collaterally attack that court's judgment with extrinsic evidence. Dispensa v. University State
Bank, 987 S.W.2d 923, 930 (Tex. App.--Houston [14th Dist.] 1999, no pet.); see, e.g., Hicks v.
Sias, 102 S.W.2d 460, 464 (Tex. Civ. App.--Beaumont 1937, writ ref'd) (before enactment of
long-arm statute, trial court lacked potential jurisdiction over nonresident defendant served out of
state); Pellow v. Cade, 990 S.W.2d 307, 312 (Tex. App.--Texarkana 1999, no pet.) (justice court
lacked any potential jurisdiction over nonexistent claim). Harris claims that from the time the
underlying suit was filed through the date of the judgment he was undisputedly a resident of
California, precluding the court from obtaining even potential jurisdiction over him.

 Assuming the record shows conclusively that Harris was a nonresident, such a
showing is insufficient to negate all potential jurisdiction of the trial court. Texas' procedural
rules governing service of process and Texas' long-arm statute enabled the court to have potential
jurisdiction over him. Dispensa, 987 S.W.2d at 930. Harris does not assert that he lacked the
minimum contacts with Texas required to subject him to the personal jurisdiction of the court. 
Having failed to show that the court lacked any potential jurisdiction over him, Harris must